Albert J. COONEY, William R. Boyce, William B. Hanley and Terrence J. Smith, as Trustees of the Milk Wagon Drivers' Union Local 753 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America and Milk Wagon Dealers' Health and Welfare Fund No. 1; Albert J. Cooney, William R. Boyce, William B. Hanley and Terrence J. Smith, as Trustees of the Milk Wagon Drivers' Union Local 753 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America and Milk Wagon Dealers' Health and Welfare Fund No. 2; Albert J. Cooney, William R. Boyce, Salvatore W. Martorano, William B. Hanley, Terrence J. Smith and Maxwell Riffkind, as Trustees of the Milk Wagon Drivers' Union Local 753 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America and Milk Wagon Dealers' Pension Trust (Employees' Trust) and Albert J. Cooney, William R. Boyce, Salvatore W. Martorano, James E. Korba, William B. Hanley, Terrence J. Smith, Maxwell Riffkind and Duane Nelson, as Trustees of the Milk Wagon Drivers' Union Local 753 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America and Milk Wagon Dealers' Vendor Pension Trust, Plaintiffs and Counterdefendants,

v.

WILLIAM ROBINSON DAIRY, INC., an Illinois corporation, and William Robinson, Defendants and Counterplaintiffs.

No. 88 C 9650.

United States District Court,
N.D. Illinois, E.D.

Aug. 6, 1990.

Thomas M. Weithers, Douglas A. Lindsay, Lewis Overbeck & Furman, Chicago, Ill., for plaintiffs and counterdefendants.

R. Clay Bennett, Donald J. Micheil, Mitchell E. Garner, Keck Mahin & Cate, Chicago, Ill., for defendants and counterplaintiffs.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

On May 31, 1990, Magistrate Elaine E. Bucklo filed and served upon the parties her Report and Recommendation concerning the parties' cross motions for summary judgment in this action brought by Albert J. Cooney and the other trustees ("Trustees") of certain pension and welfare trust funds of the Milk Wagon Drivers' Union Local 753 ("Local 753") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, seeking payment by William Robinson Dairy, Inc. ("Dairy") of allegedly delinquent contributions to the trust funds. The Trustees also sought in Count IV to hold William Robinson personally liable under Section 515 of ERISA for the unpaid contributions of the Dairy. The Dairy had counterclaimed for the return of contributions made to the trust funds after April 30, 1983.

■ Magistrate Bucklo recommended that summary judgment be granted in favor of the Trustees and against the Dairy on its counterclaim. Specifically the Magistrate found that, although a February 23, 1983 letter terminated the original collective bargaining agreement as of April 30, 1983, the Dairy adopted subsequent collective bargaining agreements with Local 753 by its course of conduct. The Magistrate then rejected the Dairy's argument that its contributions to the benefit funds were illegal because there was no written agreement between it and Local 753. Regarding this argument, the Magistrate found that the signed, original collective bargaining agreement between the Dairy and the Union, though expired, was sufficient to satisfy the written agreement requirement of 29 U.S.C. § 186(c)(5)(B). The Magistrate next determined that the Dairy was liable for unpaid contributions to the four trust funds for the period running from April 30, 1983 through April 30, 1988. Accordingly, the Magistrate recommended that summary judgment be granted in favor of the Trustees in certain undisputed amounts corresponding to payments owed on behalf of Marc Troop, Ronald Gulan and Robinson. The Magistrate also found evidence that there were other drivers employed by the Dairy after April 30, 1983, on behalf of whom no contributions were made, and therefore the Magistrate recommended that the Trust be permitted an accounting, sought under Count V, as to all of the Dairy's employees covered by the collective bargaining agreement from the period of April 30, 1983 to April 30, 1988.

After a careful, *de novo* consideration of these issues, the applicable briefs, the factual record, the Magistrate's Report and the parties' objections thereto, this Court hereby adopts Magistrate Bucklo's recommendation with respect to these issues on

the parties' cross motions for summary judgment. The Dairy's objection to the Magistrate's Report is overruled.[1]

■ One final issue remains, however, regarding the disposition of the claim in Count IV regarding Robinson's personal liability for the unpaid contributions of the Dairy. On October 20, 1989, we granted the Trustees' motion for leave to file an amended complaint, which added Robinson, individually, as a party. Shortly thereafter, on November 7, 1989, we held a status hearing and set the briefing schedule for the parties' cross motions for summary judgment. At that hearing, the Dairy's counsel represented that he would also be representing Robinson when he was served in this matter. Based in part on that representation we instructed the parties to brief the issue of Robinson's individual liability along with the other issues they intended to raise in their cross motions for summary judgment. Neither party objected to that procedure. Briefing was completed on February 13, 1990, and the Magistrate ultimately determined that Robinson could not be held personally liable for the unpaid contributions both because Section 13 of the Illinois Wage Payment and Collection Act does not provide an appropriate basis for establishing personal liability of corporate officers under Illinois law for ERISA violations, and because the Trustees have failed to present any evidence that would show Robinson's personal liability under a traditional alter ego theory. Thus, the Magistrate recommended that we enter summary judgment in favor of Robinson on this claim.

As matters turned out, however, the Trustees never effected service of process on Robinson. Therefore, rather than objecting to the Magistrate's recommendation, the Trustees filed a notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure on June 15, 1990. Rule 41(a)(1) provides that an action may be dismissed by the plaintiff without order of court by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment. In response to that action by the Trustees, the Dairy has pressed for entry of judgment dismissing Count IV with prejudice in accordance with the Magistrate's ruling. In the alternative, the Dairy has moved for sanctions to reimburse it for its reasonable attorneys' fees incurred in briefing the cross motions for summary judgment as to Count IV.

In opposition to the Trustees' asserted right to a dismissal without prejudice, the Dairy contends that the filing of a motion for summary judgment by the Dairy—itself an adverse party—ostensibly on behalf of Robinson should be sufficient to preclude the Trustees from obtaining a dismissal without prejudice under Rule 41(a)(1). The Trustees counter with the argument that the Dairy had no standing to file a motion with respect to Count IV because it was not a party to Count IV. Therefore, they maintain that the only determination to be made under the rule is whether the specific defendant being dismissed has filed an answer or a motion for summary judgment.

Not surprisingly, a plaintiff's right to a Rule 41(a)(1) dismissal under these anomalous circumstances apparently has not been directly addressed by the courts. Yet, logic and the plain language of Rule 41(a)(1) dictates that we must recognize the Trustees' notice of dismissal without prejudice as effective, notwithstanding the fact that we have had the opportunity to address the merits of the personal liability question. Cf. Winterland Concessions Co. v. Smith, 706 F.2d 793, 795 (7th Cir.1983). Robinson individually has not answered the complaint or filed a motion for summary judgment so as to preclude the Trustees from filing their notice dismissing their claim against him. In fact, no appearance has ever been entered on his behalf. Thus, the Trustees were plainly entitled to a dismissal without prejudice.

---

1. Robinson Dairy solely objected to the Magistrate's holding that the original, signed collective bargaining agreement satisfied the written agreement requirement with respect to the later collective bargaining agreements which Robinson Dairy was held to have adopted by its course of conduct.

■ Regarding sanctions, we had hoped that the entire action could have been resolved expeditiously by our request that the parties brief the issue of Robinson's personal liability, on the assumption that Robinson would ultimately be served prior to the issue being considered. The parties knew of our intention and never indicated at the time we set the briefing schedule that service might prove an obstacle to the final resolution of the entire complaint on summary judgment. We cannot hold the Trustees solely to blame, however, for the fruitless briefing and consideration of the issue of personal liability.

The Trustees obviously were aware that despite their diligent efforts they had not obtained service on Robinson as of the time the cross motions had been fully briefed on February 13, 1990. Yet, they made no effort to stay disposition or withdraw their own motion for summary judgment with respect to Count IV. The Trustees were also plainly aware that their 120–day time for effecting service under Rule 4(j) had expired as of March 12, 1990, which occurred prior to the issuance of the recommendation from the Magistrate. Yet, the Trustees neither sought an extension, nor notified either the Magistrate or us of their intention not to proceed against Robinson.

By the same token, however, if Robinson had wanted to ensure that the Trustees would be bound by our consideration of the claim against him, he could have authorized the Dairy's counsel to waive or accept service and enter an appearance on his behalf. At the very least, as time went on Robinson might have accepted service by mail or authorized entry of the process server on one of the many occasions the process server went to Robinson's residence to effect service. The Dairy's counsel might also have moved to stay disposition of the motion for summary judgment. Instead, the Dairy, like the Trustees, waited out the Magistrate's recommendation.

The troubling aspect to all of this, of course, is the fact that the Trustees are essentially able to avoid what otherwise would have been a disposition against them, at least with respect to the possibility of attempting to establish Robinson's personal liability under an alter ego theory.[2] Yet, in light of what we find to have been a diligent effort by the Trustees to serve Robinson, the procedural advantage gained by the Trustees is one which Robinson and the Dairy's counsel by their own inaction gave up. We can imagine that, had the Magistrate's recommendation on the issue of personal liability been to the contrary, the Dairy might have pointed out, as the Trustees have in this case, that Robinson had never been served and therefore we are without any jurisdiction to issue any orders against him. Given these circumstances, we do not believe that sanctions are warranted against the Trustees for the Dairy's costs of briefing the issue of Robinson's personal liability.

## CONCLUSION

We grant summary judgment in favor of the Trustees and against the Dairy. We award the Trustees the undisputed amounts indicated in Magistrate Bucklo's Report, which correspond to payments owed on behalf of Marc Troop, Ronald Gulan and Robinson. We order an accounting as to the remaining amounts owed on behalf of all other Dairy's employees covered by the collective bargaining agreement from the period of April 30, 1983 to April 30, 1988. The Dairy's motion for sanctions is denied. We make no finding with respect to Count IV's claim against Robinson individually insofar as the Trustees have properly dismissed that claim without prejudice. It is so ordered.

**2.** In light of the clear Seventh Circuit precedent holding that Section 13 of the Illinois Wage Payment and Collection Act does not provide an appropriate basis for establishing personal liability of corporate officers under Illinois law for ERISA violations, any future claim based on that theory would be clearly barred. *See Plumbers' Pension Fund, Local 130 v. Neidrich,* 891 F.2d 1297, 1301 (7th Cir.1989).