WINTERLAND CONCESSIONS CO., et al., Plaintiffs-Appellants,

v.

Lee SMITH, et al., Defendants-Appellees.

No. 82–1375.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 4, 1983.

Decided May 11, 1983.

Michael B. Roche, Hubachek & Kelly, Ltd., Chicago, Ill., for plaintiffs-appellants.

Timothy J. Haller, Hosier, Niro & Daleiden, Ltd., Chicago, Ill., for defendants-appellees.

Before CUMMINGS, Chief Judge, WOOD, Circuit Judge, and NEAHER, Senior District Judge.*

CUMMINGS, Chief Judge.

Plaintiffs commenced this action to prevent the sale of T-shirts at rock concerts. Plaintiffs are nine members of the musical groups "Foghat" and "Blue Oyster Cult," the two corporations that do business on behalf of each of them, and the corporation (Winterland Concessions Co.—"Winterland") with the exclusive license to sell at public performances by the groups T-shirts bearing a name or design associated with the groups or their members. On October 14, 1981, two and three days respectively before rock concerts at which "Foghat" and "Blue Oyster Cult" were scheduled to perform in Chicago and Rockford, Illinois, plaintiffs commenced this action in federal district court against unknown persons—referred to as "John Does" and "ABC Corporations"—who plaintiffs claimed would appear at the concerts and attempt to sell T-shirts that only Winterland is licensed to sell. The same day they filed their complaint, plaintiffs moved for a temporary restraining order prohibiting the unlicensed sale of T-shirts bearing names or insignias associated with the groups or their members and for an order directing the United States Marshal to seize and impound all such T-shirts being sold within a one-mile radius of the concert sites. At 5:45 P.M. on October 14, Judge Parsons granted plaintiffs' motions.

A number of persons were caught selling bootleg T-shirts at the concerts; seventeen of those persons identified themselves and were served with a copy of plaintiffs' complaint and a summons directing them to appear at a hearing on October 23 of plaintiffs' preliminary injunction motion. Only one of those persons, Wendy Allen, appeared at the October 23 hearing, but Edwin Trela, printer of the infringing merchandise but not then a defendant, appeared on behalf of seven defendants who had been selling the merchandise.[1] On the same date the district court entered an order adding as named defendants the seventeen persons served and entered a preliminary injunction against the ten named defendants who did not make an appearance. Some three weeks later when those ten defendants failed to appear at a second noticed hearing, the district court entered a default judgment against them and made the preliminary injunction permanent as to them.

On December 1, plaintiffs moved for voluntary dismissal of their suit against the remaining eight defendants known as the Trela defendants (see note 1 *supra*) pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Trela defendants objected and on December 2, the district court scheduled for January 8 a hearing on plaintiffs' motion. On December 3, pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure, which provides for the dismissal without prejudice of an action without order of the court by filing a notice of dismissal before the defendant files an answer or moves for summary judgment, plaintiffs filed a notice of the voluntary dismissal without prejudice of their suit against the eight Trela defendants because plaintiffs had obtained sufficient relief in *Winterland Concessions v. Sileo*, 528 F.Supp. 1201 (N.D. Ill.1981). On December 30 plaintiffs withdrew their prior motion for dismissal.

On December 31 the district court acknowledged receipt of plaintiffs' notice, ruled that plaintiffs' original motion to dismiss had become moot, and dismissed the suit *nunc pro tunc* as of December 3. One week later, two of the Trela defendants (Trela and Wendy Allen) objected to the district court's order dismissing the case. The district court treated the objection as a motion to vacate the order of dismissal, and after a hearing on that motion on February

---

* The Honorable Edward R. Neaher, Senior District Judge for the Eastern District of New York, is sitting by designation.

1. Those seven were Wendy Allen, Lee Smith, Dave Cook, June Stella, Bob Cook, Ed Cook and Ramona Cerralais. Together with Trela, they are dubbed the Trela defendants.

5, entered an order dismissing plaintiffs' suit with prejudice. Plaintiffs have appealed on the ground that the district court lacked any authority to dismiss their suit with prejudice. We agree and reverse.

■ It appears from the transcript of the February 5 hearing that the district court dismissed this suit with prejudice because a few days earlier plaintiffs had dismissed a similar suit pending before another district judge in the same district (No. 81 C 5943 before Judge Roszkowski). Rule 41(a)(1) provides that a timely motion of dismissal effects a dismissal without prejudice of a plaintiff's suit unless the plaintiff "has once dismissed in any court of the United States or of any state an action based on or including the same claim," in which case the dismissal is with prejudice. On December 3 when plaintiffs filed their notice of dismissal in this suit, however, that other suit was still pending. Rule 41(a)(1) provides that a notice of dismissal terminates an action the date it is filed if the time requirements set forth in subsection (i) are met. *Scam Instrument Corp. v. Control Data Corp.*, 458 F.2d 885 (7th Cir.1972). Thus if plaintiffs filed their notice within the time prescribed by Rule 41(a)(1)(i), their suit ended on December 3 and the district court had no authority to start it up again one month later by vacating plaintiffs' voluntary dismissal.

■ Rule 41(a)(1)(i) authorizes a plaintiff to dismiss an action on his own without seeking a court order "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." There is no question that at the time plaintiffs filed their December 3 notice of dismissal under Rule 41(a)(1)(i), no defendant had served plaintiffs with an answer or a motion for summary judgment. Plaintiffs' notice thus satisfied the express time requirements of Rule 41(a)(1)(i). Defendants concede this but argue that we should read into the Rule a different requirement, namely, that a plaintiff's notice of dismissal be filed before the court has considered the merits of plaintiff's suit. Defendants argue

that the rule was intended to allow a plaintiff to abandon his lawsuit without prejudice only when the lawsuit has not reached an advanced stage, and they claim that this suit did reach an advanced stage when the district court held hearings on plaintiffs' preliminary injunction motion, even though the district judge refused to consider the merits of the case.

Defendants' argument assumes that Rule 41(a)(1) was intended to establish the most accurate possible test for determining how much defendants and federal taxpayers must spend on a lawsuit before they have a right to a judgment of some sort, but the Rule had no such purpose. Rather it was intended to establish a test that would be easy to administer. *Thorp v. Scarne*, 599 F.2d 1169 (2d Cir.1979). The test defendants propose would be difficult to administer. Each time a plaintiff filed a notice of dismissal a court would be required to determine whether the litigation was far enough along—whether the amounts of discovery and argument about the legal issues were sufficient—to require that it proceed to a judgment. Rule 41(a)(1) as it was drafted simplifies the court's task by telling it whether a suit has reached the point of no return. If the defendant has served either an answer or a summary judgment motion it has; if the defendant has served neither, it has not. We are unwilling to upset the balance struck in Rule 41(a)(1) by adding some different test.

As authority for our upsetting that balance, defendants cite *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir.1953), certiorari denied, 345 U.S. 964, 73 S.Ct. 950, 97 L.Ed. 1383. However, that case has been repudiated in its own Circuit, *Thorp v. Scarne*, 599 F.2d 1169, 1175, 1176 (2d Cir.1979), and elsewhere. *D.C. Electronics, Inc. v. Nartron Corp.*, 511 F.2d 294, 297–298 (6th Cir.1975); *Merit Insurance Co. v. Leatherby Insurance Co.*, 581 F.2d 137, 144, 143 (7th Cir.1978); *Tele-Views News Co. v. S.R.B. TV Publishing Co., Inc.*, 28 F.R.D. 303, 304, 305 (E.D.Pa. 1961); see also additional cases and treatises cited in *Thorp*, 599 F.2d at 1175. More-

over, we note that in *Scam Instrument Corp., supra,* we upheld plaintiff's notice of dismissal even though it was preceded by a full year's worth of discovery. A lawsuit that has aged one year in discovery is at a more advanced stage than one, like that before us, that has aged a few hours in hearings on a motion for a preliminary injunction.

■ Defendants argue second that we should treat their oral in-court denials of the allegations in plaintiffs' complaint as the equivalent of an answer and that if we do, then plaintiffs' notice of dismissal was not timely. Rule 41(a)(1)(i), however, requires that a plaintiff's notice of dismissal be filed before the "service * * * of an answer." One does not serve an answer by orally denying allegations in a complaint. Defendants nevertheless contend that we should allow them to effect service in that manner because they proceeded *pro se.* But there is no inequity in requiring that *pro se* defendants put in writing a denial of allegations in a complaint, and requiring that they do so eliminates the chore that a federal court would otherwise have to perform of reading through the transcript of a hearing to determine whether a defendant has responded to all of the allegations in a plaintiff's complaint.

■ Defendants' final argument is that Rule 41(a)(1) only provides for the voluntary dismissal of "an action," that an action includes all of a plaintiff's claims against all defendants, and that because plaintiffs' notice of dismissal was only addressed to the eight Trela defendants, it did not terminate this suit. Even assuming *arguendo* that defendants' interpretation of the phrase "an action" is correct—an interpretation supported by *Harvey Aluminum, supra,* but rejected by a number of other courts includ-

ing a panel of this Circuit, *Merit Insurance Co. supra,* 581 F.2d at 139, n. 1; *Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.,* 474 F.2d 250, 254–255 (5th Cir.1973); 5 Moore's *Federal Practice,* ¶ 41.06–1, pp. 41–97 to 41–99 (1977)—plaintiffs' notice of dismissal was effective because at the time it was filed only the eight Trela defendants remained in the suit. The district court had previously entered a default judgment and permanent injunction against the other ten defendants, the only relief that was then still requested against them (R. 18). Therefore it is immaterial that plaintiffs had once sought damages from them. As plaintiffs explained to the district court with respect to their December 3 notice of dismissal, they had already obtained a final judgment against those ten (Plaintiffs' App. A–22).

The order of February 5, 1982, is vacated, and this cause is remanded to the district court with the direction to reinstate its order of December 31, 1981.[2]

---

**2.** Plaintiffs' motion to strike portions of defendants' appellate brief is denied. The Court has simply ignored any improper portions of that brief. We have noted that in the first of the fourteen cases cited in that brief and supposedly dismissed by plaintiff Winterland, Civil Action No. 81–0012 (N.D.Ill.1981), Judge Roszkowski granted Winterland's motion for a default judgment and permanent injunction.

Plaintiffs in that suit never requested a voluntary dismissal, contrary to defendants' representation in their brief before us (at p. 796). The other thirteen cases were not cited to Judge Parsons, are from other federal districts, are unreported, apparently involve different defendants, and the citations do not show whether they were voluntarily dismissed.