

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-28-2008

# In Re: Bath Kitche

Precedential or Non-Precedential: Precedential

Docket No. 07-1520

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Bath Kitche " (2008). *2008 Decisions.* Paper 746.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/746

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1520

_____

IN RE: BATH AND KITCHEN FIXTURES
ANTITRUST LITIGATION

SAMUEL GORDON ARCHITECTS, P.C.;
WATERTOWN PLUMBING AND HEATING
SUPPLY COMPANY, INC.;
REPUBLIC PLUMBING SUPPLY COMPANY, INC.;
THAMES VALLEY WINNELSON COMPANY;
EAST COAST PETROLEUM;
JERMOR PLUMBING & HEATING, INC.;
COLONIAL SUPPLY CORPORATION;
BIS BIS IMPORTS BOSTON, INC.;
SCHAEFFER PLUMBING SUPPLY COMPANY, INC.;
SECURITY SUPPLY COMPANY;
DONATUCCI KITCHENS & APPLIANCES;
G.J. OLSON ARCHITECTS;
TRUMBULL INDUSTRIES, INC.;
OWNER SUPPLIED, LLC;
NORTH SHORE FAUCETS, INC.;
THE PLUMBING SOURCE, INC.;

NEENAN COMPANY, INC.,

                                    Appellants

<hr />

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action Nos. 05-cv-1232, 05-cv-1065,
05-cv-1075, 05-cv-1044, 05-cv-0869, 05-cv-0801,
05-cv-0774, 05-cv-0689, 05-cv-1861, 05-cv-0678,
05-cv-0677, 05-cv-0626, 05-cv-0585, 05-cv-0535,
05-cv-0565, 05-cv-0537, 05-cv-0510
(Honorable Mary A. McLaughlin)

<hr />

Argued January 28, 2008
Before: SCIRICA, *Chief Judge*,
RENDELL, *Circuit Judge*, and THOMPSON, *District Judge*[*]

(Filed :   July 28, 2008)

ROBERT J. LaROCCA, ESQUIRE (ARGUED)
Kohn, Swift & Graf
One South Broad Street, Suite 2100
Philadelphia, Pennsylvania 19107

<hr />

[*]The Honorable Anne E. Thompson, United States District
Judge for the District of New Jersey, sitting by designation.

STEVEN A. ASHER, ESQUIRE
Weinstein, Kitchenoff & Asher
1845 Walnut Street, Suite 1100
Philadelphia, Pennsylvania 19103

GERALD J. RODOS, ESQUIRE
Barrack, Rodos & Bacine
3300 Two Commerce Square
2001 Market Street
Philadelphia, Pennsylvania 19103

WARREN RUBIN, ESQUIRE
Law Offices of Bernard M. Gross
John Wanamaker Building, Suite 450
Juniper & Market Streets
Philadelphia, Pennsylvania 19107
        Attorneys for Appellants

JOSEPH R. BAKER, ESQUIRE (ARGUED)
RICHARD J. FAVRETTO, ESQUIRE
MARK W. RYAN, ESQUIRE
Mayer Brown
1909 K Street, N.W.
Washington, D.C. 20006

BARBARA W. MATHER, ESQUIRE
Pepper Hamilton
3000 Two Logan Square

18th & Arch Streets
Philadelphia, Pennsylvania 19103
        Attorneys for Appellee,
        Trane Inc.

ERIC J. McCARTHY, ESQUIRE
MARGARET M. ZWISLER, ESQUIRE
Latham & Watkins
555 11th Street, N.W., Suite 1000
Washington, D.C. 20004
        Attorneys for Appellee,
        Masco Corporation

STEPHEN W. ARMSTRONG, ESQUIRE
PETER BRESLAUER, ESQUIRE
Montgomery, McCracken, Walker & Rhoads
123 South Broad Street, 24th Floor
Philadelphia, Pennsylvania 19109

CHARLES G. CURTIS, JR., ESQUIRE
Heller Ehrman
One East Main Street, Suite 201
Madison, Wisconsin 53703-5118

ROBERT A. ROSENFELD, ESQUIRE
Heller Ehrman
333 Bush Street, Suite 3320
San Francisco, California 94104

Attorneys for Appellee,
Kohler Company

ADAM K. LEVIN, ESQUIRE
MITCHELL E. ZAMOFF, ESQUIRE
Hogan & Hartson
555 13th Street, N.W.
Washington, D.C. 20004
  Attorneys for Appellee,
  Eljer Plumbingware

---

## OPINION OF THE COURT

---

SCIRICA, *Chief Judge*.

Plaintiffs appeal the District Court's order striking as untimely their notice of voluntary dismissal filed under Fed. R. Civ. P. 41(a)(1)(A)(i). We will vacate and remand with instructions to enter an order dismissing the complaint without prejudice.

### I.

Purchasers of bath and kitchen plumbing fixtures filed putative class action complaints against manufacturers, alleging a price-fixing conspiracy in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Seventeen cases were consolidated

in the District Court.  Instead of filing an answer, defendants moved to dismiss the consolidated and amended complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[1]

On July 19, 2006, the District Court issued a memorandum opinion finding plaintiffs needed to plead more facts to meet the notice standard of Fed. R. Civ. P. 8(a)(2). The memorandum stated in relevant part:

> [T]he Court will not dismiss the consolidated and amended complaint with prejudice at this time as the defendants request.  At oral argument, the Court asked counsel for the plaintiffs if there were any supplemental facts that could be pled to address the defendants' arguments that the consolidated and amended complaint did not provide sufficient notice of the grounds upon which the conspiracy claim was based.  Counsel implied that they might possess more information than was alleged in the pleadings, but did not supplement the complaint. . . . The Court, nevertheless, will allow the plaintiffs an opportunity to amend their pleadings. . . . An

---

[1]The four defendants divided into two groups, each of which separately filed a motion to dismiss.  There is no relevant difference between the motions for the purpose of this appeal.

appropriate Order follows.[2]

The window for amendment was due to close on August 18, 2006, but on August 17, 2006, the District Court granted plaintiffs' unopposed motion for an extension through September 1, 2006. On August 30, 2006, instead of amending the complaint, plaintiffs filed a notice under Fed. R. Civ. P. 41(a)(1)(A)(i), voluntarily dismissing the action (the "Notice").[3] With one exception, not applicable here, a timely notice of voluntary dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). Defendants, seeking instead a dismissal with prejudice, filed a "Motion for Entry of Judgment in Accordance with the Court's Memorandum and Order of July 19, 2006," contending plaintiffs could no longer voluntarily dismiss by notice because the District Court already had granted defendants' motion to dismiss on July 19, 2006. Defendants asked the District Court to strike the Notice and enter an order of dismissal with prejudice. Plaintiffs opposed the motion. On

---

[2]Although the July 19, 2006, order indicates the motions to dismiss are "granted," it also states the "Court will not dismiss the consolidated and amended complaint at this time, but will allow the plaintiffs thirty (30) days to amend their complaint." The District Court's subsequent letter to counsel and January 24, 2007, order acknowledged the apparent ambiguity in the July 19, 2006, order as to whether the complaint had been dismissed.

[3]The docket notes: "Date Terminated: 08/30/2006."

7

January 24, 2007, the District Court struck the Notice as untimely filed and entered an order dismissing the complaint.[4] This appeal followed.[5]

## II.

Fed. R. Civ. P. 41(a)(1)[6] provides:

(A) *Without a Court Order.* Subject to Rules

---

[4]Although the January 24, 2007, order does not state the complaint is dismissed "with prejudice," defendants do not dispute the finality of that order. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("Because the order did not specify that the dismissal was without prejudice, under Fed. R. Civ. P. 41(b) the dismissal 'operates as an adjudication upon the merits.'"). There is some confusion in the record as to whether the January 24, 2007, order pertained to all the parties named in the notice of appeal. Because the order appears to have disposed of all the consolidated cases, we find that all plaintiffs are proper parties to this appeal. Defendants do not contend otherwise.

[5]The District Court had federal question jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's order striking the Notice and dismissing the complaint. Our review is plenary. *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1064 (3d Cir. 1987).

[6]Rule 41 received stylistic revisions, immaterial to this appeal, effective December 1, 2007.

23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Three key aspects of Rule 41(a)(1)(A)(i) control our analysis. First, a filing under the Rule is a notice, not a motion. Its effect is automatic: the defendant does not file a response, and no order of the district court is needed to end the action.[7] Second, the notice results in a dismissal without prejudice (unless it states otherwise), as long as the plaintiff has never dismissed an action based on or including the same claim in a prior case. Third, the defendant has only two options for cutting off the plaintiff's right to end the case by notice: serving on the plaintiff an answer or a motion for summary judgment.

Here, it is undisputed that on the date plaintiffs filed the

---

[7]When the notice is filed, the Clerk makes an appropriate entry on the docket noting the termination of the action.

Notice: (1) plaintiffs had never before dismissed an action based on or including the same claim; and (2) defendants had not served an answer or a motion for summary judgment. Accordingly, the parties agree a timely Notice would have resulted in automatic dismissal without prejudice. The timeliness of the Notice depends on whether the "action" to which the Rule refers remained pending when the Notice was filed.

The Rule "affixes a bright-line test to limit the right of dismissal to the early stages of litigation," *Manze*, 817 F.2d at 1065, which "simplifies the court's task by telling it whether a suit has reached the point of no return. If the defendant has served either an answer or a summary judgment motion it has; if the defendant has served neither, it has not." *Id.* (quoting *Winterland Concessions Co. v. Smith*, 706 F.2d 793, 795 (7th Cir. 1983)). Up to the "point of no return," dismissal is automatic and immediate – the right of a plaintiff is "unfettered," *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977). A timely notice of voluntary dismissal invites no response from the district court and permits no interference by it. *See Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 545, 547–48 (4th Cir. 1993) (district court may not vacate a timely filed notice of dismissal); *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963) ("[The notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be

10

extinguished or circumscribed by adversary or court."). A proper notice deprives the district court of jurisdiction to decide the merits of the case.[8] *See Manze*, 817 F.2d at 1065–66 (district court may not decide defendant's motion to dismiss after plaintiff's effective Rule 41(a)(1)(A)(i) notice); 8 James Wm. Moore et al., Moore's Federal Practice § 41.33[6][e] (3d ed. 2008) ("A defendant's motion for entry of a final judgment under Rule 54(b) should be denied if the action has already been dismissed by notice."); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civ. 3d § 2367, at 559–61 (3d ed. 2008) ("After the dismissal, the action no longer is pending in the district court and no further proceedings in the action are proper.").

Because a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is neither an answer nor a motion for summary judgment, its filing generally does not cut off a plaintiff's right to dismiss by notice. *Manze*, 817 F.2d at 1066. Only when a motion filed under Fed. R. Civ. P. 12(b)(6) is converted by the district court into a motion for summary judgment does it bar

[8]A district court retains jurisdiction to decide "collateral" issues – such as sanctions, costs, and attorneys' fees – after a plaintiff dismisses an action by notice. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396–98 (1990).

11

voluntary dismissal.[9]  *Id.*  Here, defendants do not contend their motion was converted to a motion for summary judgment, or that it should be treated as an answer.

In *Manze*, we rejected the defendant's argument that its motion to dismiss under Fed. R. Civ. P. 12(b)(6) was "equivalent" to a motion for summary judgment that should have barred the plaintiff's dismissal by notice.  *Id.*  We acknowledged the defendant's preferred approach had some "theoretical appeal" because motions to dismiss may impose much labor and expense on parties and judges – sometimes they are as time-consuming as motions for summary judgment.  *Id.* at 1065 (citing *Tele-Views News Co. v. S.R.B. TV Publ'g Co.*, 28 F.R.D. 303, 307–08 (E.D. Pa. 1961)).  Moreover, Rule 41 may permit a strategic advantage for a plaintiff: if prospects for prevailing on the merits appear dim, the plaintiff can obtain a dismissal without prejudice after imposing high costs on defendants and judges.  But the drafters of Rule 41 provided for only two responses – answer and motion for summary judgment – as "point[s] of no return."  *Id.* (quoting *Winterland Concessions*, 706 F.2d at 795).  It would be improper to graft a

---

[9]*See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

12

new category onto the literal text of the Rule.  *Id.*

As in *Manze*, we apply the literal terms of Rule 41.[10]

[10]The consequences of following the Rule have sometimes appeared substantially  unfair or wasteful, especially when the district court already has delved into the merits, warranting a departure from the literal text.  In *Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953), the plaintiff sued for specific performance of an asset purchase contract and obtained an ex parte temporary restraining order to prevent the defendant from selling the disputed property to a third party.  *Id.* at 107.  The district court held an extensive hearing (420 pages transcribed) and denied the plaintiff's motion for a preliminary injunction.  *Id.*  Before the defendant had filed an answer or motion for summary judgment, the plaintiff filed a notice of dismissal under Rule 41(a)(1).  *Id.*  The defendant moved to strike the notice, but the district court applied the Rule by its literal terms and found the notice effective.  *Id.*  The Court of Appeals for the Second Circuit reversed, holding literal compliance with the Rule's text unwarranted on the facts.  *Id.* at 107–08.  The district court had conducted a lengthy hearing on the merits in denying the preliminary injunction, and it had opined that the prospects for the plaintiff to succeed on the merits appeared "remote if not completely nil."  *Id.* at 107.  In these circumstances, a "literal application" of Rule 41(a)(1) "would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been

13

Furthermore, we reject defendants' contention that the District Court's granting plaintiffs the right to amend, and an extension of time within which to do so, limited or nullified the option of dismissing available to plaintiffs under the Rule. Here, the Notice was timely because defendants had filed neither an answer nor a motion for summary judgment as of the date of the

---

reached." *Id.* at 108.

*Harvey* has been criticized for blurring the Rule's "bright-line" timing test, and it has been distinguished when appropriate. *See Universidad Cent. Del Caribe, Inc. v. Liaison Comm. on Med. Educ.*, 760 F.2d 14, 18 (1st Cir. 1985) ("*Harvey Aluminum* has not been well received."); *see also Marex Titanic*, 2 F.3d at 547; *Hamilton v. Shearson-Lehman Am. Express, Inc.*, 813 F.2d 1532, 1534 (9th Cir. 1987); *Winterland Concessions*, 706 F.2d at 796; *Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters*, 506 F.2d 914, 916 (5th Cir. 1975); *D.C. Elecs., Inc. v. Nartron Corp.*, 511 F.2d 294, 297 (6th Cir. 1975). The Second Circuit has itself limited *Harvey Aluminum* to its "extreme" circumstances. *Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d Cir. 1979). We distinguished *Harvey Aluminum* in *Manze.* 817 F.2d at 1066 n.4. Whatever vitality the case retained in the Second Circuit, "its reasoning could not be persuasive [in *Manze*] since the district court proceedings had not advanced so far" as they had in *Harvey Aluminum*. *Id.* In *Manze*, as of the date the plaintiff dismissed by notice, no extensive hearing had been held and the district court had taken no position on the merits of the case.

14

Notice, and because the District Court's July 19, 2006, order had not clearly put an end to the "action" to which Rule 41 refers.

## III.

For the foregoing reasons, we will vacate the January 24, 2007, order of the District Court and remand with instructions to enter an order dismissing the complaint without prejudice.