**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1629
_____

YOUNES KABBAJ,
                                             Appellant
                         v.

AMERICAN SCHOOL OF TANGIER, A Delaware
Corporation; BOARD OF TRUSTEES FOR THE AMERICAN
SCHOOL OF TANGIER; STEPHEN EASTMAN, Chairman
of the Board; EDWARD M. GABRIEL; MARK SIMPSON
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-10-cv-00431)
District Judge:  Honorable Sue L. Robinson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 26, 2011

Before:  SCIRICA, SMITH and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 22, 2011 )

_____

OPINION
_____

PER CURIAM

        Younes Kabbaj, a former employee of the American School of Tangier ("AST") in

Morocco, sued AST and the other defendants for several counts of employment

discrimination, as well as for breach of contract, violations of a state whistleblowers' protection act, negligence, intentional infliction of emotional distress, intentional interference with a contractual relationship, abuse of process, defamation, and conversion. Among other relief, Kabbaj sought back pay, compensatory damages for economic and non-economic losses, and punitive damages. Before the defendants responded to the amended complaint, the parties jointly moved to stay the action pending the resolution of related civil and criminal matters in Morocco. The District Court granted the motion and stayed the case in August 2010.

On January 10, 2011, the defendants filed a joint stipulation of dismissal with prejudice under Rule 41(a)(1) of the Federal Rules of Civil Procedure signed by them and Kabbaj (the document bore his electronic signature). On January 12, 2011, Kabbaj filed a motion to withdraw the stipulation, stating that he was not a party to the joint stipulation because the defendants violated the terms of a settlement between the parties. The defendants responded by requesting that the District Court enforce the settlement between the parties (the terms of which authorized the defendants to sign Kabbaj's name to and file a stipulation of dismissal with prejudice of the action) and dismiss the case. Kabbaj responded by contending that the agreement was "null and void" because, among other things, the defendants improperly treated all the money due him under the settlement agreement as back pay and withheld taxes from the sum as if it were wages. On the District Court's order, the defendants filed the confidential settlement agreement and related documents under seal for an *in camera* review. Kabbaj filed a motion to lift

2

the stay of the litigation. He contended that the agreement and related documents did not tell the whole story, citing, among other things, e-mails between the parties and events in the Moroccan litigation. He argued that the defendants were wrong in pursuing dismissal of his case where legal issues related to the settlement remained to be resolved under American and Moroccan law.

The District Court denied Kabbaj's motions to withdraw the stipulation and to lift the stay of the litigation. The District Court considered the notice of dismissal and stated that after a review of the settlement documents, it was evident that Kabbaj had agreed to dismiss the litigation "in exchange for a money award and certain benefits." The District Court concluded that it was "apparent that the defendants complied with their end of the bargain, including writing a check which has been endorsed by plaintiff." Accordingly, the District Court dismissed Kabbaj's lawsuit.

Kabbaj appeals. In his brief, he presents argument about how the parties arrived at the settlement amount. He contends also that the deduction of taxes as if the settlement amount were back pay violates one of the terms of the settlement. Kabbaj states also that e-mails and other evidence (including a monetary transaction related to the settlement of the Moroccan litigation) support his construction of the sum due to him and contends that the District Court should have taken these things into account before dismissing his case. He asks that the settlement agreement be considered void because of the Moroccan monetary transaction; alternatively, he asks for the case to be sent back for the District Court to further consider his argument that the defendants improperly withheld as taxes

due approximately $17,000 from the settlement amount. (He offers a breakdown of the sum comprising the settlement amount to support his claim that a significant portion of the award was not taxable as wages.)

The defendants respond that the parties entered into a binding written settlement agreement that mandated dismissal of the lawsuit. They also contend that they have fulfilled all of their obligations under the agreement, including the issuance of a check for the gross amount of the settlement less taxes they were entitled to deduct under the express terms of the settlement and obligated to deduct under federal law. They state that because Kabbaj cashed the check, there is an accord and satisfaction under Delaware law (although they acknowledge that Kabbaj states that he deposited the check so that the defendants could not stop payment on it). They argue that Kabbaj is wrong to assert that the District Court should have reviewed e-mails between the parties, because of the parol evidence rule (and further contend that Kabbaj's discussion of a monetary transaction related to the Moroccan litigation is completely unrelated to this case). In support of their claims, the defendants present, in a supplemental appendix, the settlement agreement and related documents that they submitted under seal to the District Court. They request, and we grant them, leave to file the supplemental appendix under seal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the questions of law in this case is plenary. See In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 164 n.5 (3d Cir. 2008).

The first question is whether the District Court retained jurisdiction to rule on the

parties' dispute once the joint stipulation pursuant to Rule 41(a)(1)(ii) was filed. Rule

41(a)(1) authorizes voluntary dismissals "by the plaintiff" without a court order. Fed. R.

Civ. P. 41(a)(1). Pursuant to Rule 41(a)(1)(ii), the plaintiff may dismiss an action

without a court order by filing . . . a stipulation of dismissal signed by all parties who

have appeared." Id. A dismissal under Rule 41(a)(1)(ii) is automatic; it does not require

judicial approval. First Nat'l Bank v. Marine City, Inc., 411 F.2d 674, 677 (3d Cir.

1969); see also In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d at 165.

Furthermore, once the suit is automatically dismissed upon the entry of a valid notice

under Rule 41(a)(1), a district court ordinarily does not retain jurisdiction to enforce an

agreement between the parties relating to the terms or conditions of the dismissal. See

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994).

Accordingly, if Kabbaj filed a valid voluntary stipulation of dismissal, then the

case was over and there was nothing more for the District Court to do.[1] However,

Kabbaj's case did not end with the filing of the joint stipulation because the stipulation

did not conform to the requirements of Rule 41. The language of the rule is plain; it

provides for voluntary dismissals by the plaintiff. In this case, the plaintiff, Kabbaj, did

not file the voluntary dismissal. Instead, the defendants filed the joint stipulation.

We are aware that technical compliance with Rule 41 has sometimes been

---

[1]Although we would be required to vacate the District Court's later orders if a valid Rule 41(a)(1)(ii) dismissal had been filed, the parties, of course, could initiate an independent action in an appropriate forum to enforce the settlement agreement in that circumstance, if it were necessary.

excused.  Specifically, in some cases, courts have allowed stipulations that do not conform with all of the requirements of Rule 41 (in particular, some courts have allowed oral in lieu of written stipulations).  See, e.g., Role v. Eureka Lodge No. 434, 402 F.3d 314, 318 (2d Cir. 2005) ("[A] voluntary, clear, explicit, and unqualified stipulation of dismissal entered into by the parties in court and on the record is enforceable even if the agreement is never reduced to writing, signed, or filed, as contemplated by [Rule 41].").  In those cases, the courts have required clear and unambiguous evidence that the parties have entered into the stipulation.  See Ocean Drilling & Exploration Co. v. Mont Boat Rental Servs., 799 F.2d 213, 218 (5th Cir. 1986) (explaining the requirement while disallowing an oral stipulation).

In this case, where the stipulation was not entered into in open court and the plaintiff disputes that he is a signatory to the dismissal document filed by the defendants, the evidence of a joint stipulation is not clear and unambiguous.  The defendants present the settlement agreement in which the parties agreed that the defendants would sign Kabbaj's name or otherwise effect an electronic signature and file a Rule 41(a)(1) notice with the District Court.   However, within two days of the filing of the stipulation, Kabbaj argued that he was not a party to the joint stipulation filed by the defendants.[2] Furthermore, the agreement to a voluntary dismissal with prejudice was in consideration

---

[2] Although he moved to withdraw the notice, his request to withdraw does not suggest that the notice was his to begin with, as he called the notice a motion to dismiss, stated that he was not a party to it, and noted that it was filed by the attorney for the defendants.

for a sum of money (whose exact amount is known to the parties and not disputed). It is undisputed that Kabbaj received a lesser sum (which the defendants contend was justified because of tax withholding). The resolution of the question of the amount due Kabbaj is not within the scope of this appeal, but we note that it is not an insignificant question. See Francisco v. United States, 267 F.3d 303, 319 (3d Cir. Pa. 2001) (explaining that "[i]t is a tenet of federal tax law that income received in settlement of a claim should be taxed in the same manner as if it had been received on that claim in court," and listing considerations for characterizing a settlement award); see also Rivera v. Baker West, Inc., 430 F.3d 1253, 1257-58 & n.2 (9th Cir. 2005) (considering all the evidence before the district court, including information outside the settlement agreement, before determining that the district court correctly determined that the settlement award was for back wages).

Because the notice of dismissal did not comply with the requirements of Rule 41 and the evidence of a joint stipulation is not clear and unambiguous, the filing of the invalid notice did not end the case. To the extent that the District Court could have treated the defendants' request as a motion to dismiss the complaint based on the settlement agreement, the matter, in this case, could not be resolved by considering only the notice of dismissal and the terms of the settlement agreement.[3][4]

---

[3]Without varying from our practice of ordinarily not considering issues that were not presented first to the District Court, see Delaware Nation v. Pennsylvania, 446 F.3d 410, 416 n.9 (3d Cir. 2006), we note that the fact that Kabbaj endorsed a check does not alone determine whether there was an accord and satisfaction (or if the doctrine even applies to this situation), see CitiSteel USA, Inc. v. Connell Ltd. Pshp., Luria Bros. Div., 758 A.2d 928, 931 (Del. 2000) (setting forth the elements of the common law doctrine of

Accordingly, we must vacate the District Court's order dismissing the case and denying the motion to lift the stay of the litigation in reliance on the notice of dismissal and the settlement agreement. On remand, the District Court should reopen the case and reconsider whether the stay should be lifted in light of the facts and circumstances as we have explained them and as the parties wish to develop them.[5] We will affirm the District Court's order insomuch as it denied the motion to withdraw the notice of dismissal because that motion was unnecessary in light of the invalidity of the notice. This matter is remanded to the District Court for further proceedings consistent with this opinion. [6]

---

accord and satisfaction and explaining that the analysis includes questions of fact).

[4]Alternatively, it is as if the District Court treated what could have been considered a motion to dismiss as a motion for summary judgment. However, conversion of such a motion without adequate notice is improper; and we cannot say that any failure to give notice was harmless on the current record. Cf. Renchenski v. Williams, 622 F.3d 315, 340-41 (3d Cir. 2010). Even if Kabbaj had some sort of notice (for he submitted information for the District Court to consider), the District Court did not consider the evidence he presented.

[5]Should litigation proceed after this matter is reopened, nothing we have written in this opinion shall preclude any claim or defense by any party to this case.

[6]As we noted above, the motion to file the supplemental appendix under seal is granted.