**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3693
_____

JEFFREY CUTLER,
                              Appellant

v.

ALAN SCHNITZER, Chairman the Traveler's Companies' Inc.;
EDWARD MCVEY, Pennsylvania Insurance Department;
RICHARD S. MILLS, McElroy, Deutsch, Mulvaney, & Carpenter, LLP;
KIANDRA BAIR, McNees, Wallace & Nurick; SAM JANESH, The LNP Media Group;
DENNIS STUCKEY, Lancaster County Chairman;
BRIAN HURTER, Lancaster County Controller;
MARK DALTON, Lancaster County Court Administrator;
DAVID BUCKWALTER, East Lampeter Township Chairman;
DAVID ZUILKOSKI, Conestoga Valley School District;
DENNISE COMMINS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-17-cv-05025)
District Judge:  Honorable Jeffrey L. Schmehl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2019

Before:  MCKEE, COWEN and RENDELL, <u>Circuit</u> <u>Judges</u><sup>*</sup>

_____

<sup>*</sup> The Honorable Robert J. Cowen participated in the decision in this case.  Judge Cowen assumed inactive status on April 1, 2022 after the submission date, but before the filing

(Opinion filed:  July 15, 2022)

———————

OPINION**

———————

PER CURIAM

Pro se Appellant Jeffrey Cutler appeals from the District Court's order dismissing

his case, pursuant to Federal Rule of Civil Procedure 4(m), for failure to effectuate proper

service of the summons and his complaint.  For the reasons that follow, we will affirm

with a modification.

I.

Because we write primarily for the parties, we will recite only the facts necessary

for our discussion.  In September 2017, Cutler filed his complaint in the United States

District Court for the Middle District of Pennsylvania, raising various claims that

stemmed from his duties as tax collector for East Lampeter Township.  On the same day

as the complaint was filed, a summons was issued and provided to Cutler via U.S. mail.

He was also provided with a proof of service form.

of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. §
46(d) and Third Circuit I.O.P. Chapter 12.

** This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

2

In November 2017, the case was transferred to the United States District Court for the Eastern District of Pennsylvania because the events at issue took place in Lancaster, Pennsylvania. On May 2, 2018, the District Court issued a notice that Cutler had not served the summons and complaint on the defendants and that service needed to be made by June 4, 2018, to comply with Rule 4(m). On May 22, 2018, Cutler filed an "Affidavit of Service" that did not contain the date that service was allegedly effectuated and did not indicate the means of service for each defendant. Cutler did not state that he sought or obtained a waiver of service from any of the defendants.

Most of the defendants filed motions to dismiss for lack of proper service, lack of jurisdiction, and failure to state a claim. The District Court dismissed the case based on its determination that Cutler had failed to effectuate proper service of the summons and complaint on any of the defendants. The District Court further determined that its dismissal was with prejudice. Cutler then filed a motion for reconsideration, which the District Court denied. This appeal ensued.[1]

II.

We have jurisdiction under 28 U.S.C. § 1291. See In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 165 n.5 (3d Cir. 2008); cf. Umbenhauer v. Woog, 969 F.2d 25, 30 n.6 (3d Cir. 1992). "Ordinarily we exercise plenary review over issues of service

---

[1] This Court denied various motions that Cutler filed on appeal, including his motions to recuse various judges of this Court, to consolidate this appeal with other actions, to hold an initial hearing en banc, and to change venue.

3

under Fed. R. Civ. P. 4, and review decisions regarding whether or not good cause exists to extend the . . . service period for abuse of discretion." Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 n.4 (3d Cir. 1996) (citation omitted). "We review findings of fact necessary to the application of procedural rules, including Rule 4, under a clearly erroneous standard." Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 481 (3d Cir. 1993). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Here, because Cutler has raised no argument that he effectuated proper service, we need not address that issue in detail. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) (issues not raised on appeal are waived). We simply note that "the party asserting the validity of service bears the burden of proof on that issue," Grand Entm't Grp., Ltd., 988 F.2d at 488, and that Cutler has failed to establish the date and manner of service, let alone that service was timely under Rule 4 or was effectuated in a manner authorized by Rule 4. See Ayres, 99 F.3d at 570 (affirming dismissal for failure to effectuate proper service because attempted service was not "in accordance with Rule 4"). Thus, we will affirm

4

the District Court's ruling that Cutler failed to effectuate proper service of the summons and complaint.[2]

However, when a district court dismisses an action for lack of proper service, the District Court "must dismiss the action <u>without prejudice</u>." Fed. R. Civ. P. 4(m) (emphasis added). Because the District Court's dismissal here was for lack of service under Rule 4(m), the District Court erred in entering its dismissal with prejudice. <u>See</u> <u>Umbenhauer</u>, 969 F.2d at 30 n.6 (dismissals for improper service "must be entered without prejudice").[3]

Accordingly, we modify the District Court's order to dismiss the complaint without prejudice pursuant to Federal Rule of Civil Procedure 4(m). We will affirm the District Court's order as modified. We deny Cutler's motion to expand the record on appeal. <u>See</u> <u>Burton v. Teleflex Inc.</u>, 707 F.3d 417, 435–36 (3d Cir. 2013).

---

[2] Cutler has waived any argument that he had insufficient notice or that he could show good cause or another reason for extending the time for service. <u>Cf.</u> <u>Petrucelli v. Bohringer & Ratzinger</u>, 46 F.3d 1298, 1307 (3d Cir. 1995).

[3] Apart from the error in dismissing with prejudice, the District Court properly determined that Cutler's motion for reconsideration was meritless, as he failed to establish "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." <u>Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999). As Cutler failed to effectuate service of the summons and complaint, the District Court properly denied his various other motions, including his motion for a default judgment. <u>See</u> <u>Petrucelli</u>, 46 F.3d at 1304.

5