CLD-180                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3245
_____

SUSAN SCHIAVONE*; DAVID FINK,
Appellants

v.

STATE FARM INSURANCE CO; STATE FARM FIRE AND CASUALTY CO;
STATE FARM INSURANCE

(*Dismissed 05/22/2023)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:18-cv-00530)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 20, 2023
Before:  SHWARTZ, MATEY, and FREEMAN, Circuit Judges

(Opinion filed: July 27, 2023)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

David Fink, proceeding pro se and in forma pauperis, appeals from the District Court's order denying his motions to disqualify counsel and to reopen his case. We will summarily affirm.

In 2017, Fink and Susan Schiavone filed suit in the Court of Common Pleas of Allegheny County, Pennsylvania, against State Farm Fire and Casualty Company ("State Farm"). After removing the case from state court to the United States District Court for the Western District of Pennsylvania, State Farm filed a motion to dismiss for failure to state a claim. The District Court granted the motion in part and denied it in part. The case ultimately settled and, in September 2018, Fink and Schiavone submitted a notice of voluntary dismissal of their complaint with prejudice. The District Court entered an order dismissing the complaint with prejudice.[1]

More than four years later, in October 2022, Fink filed motions for a copy of the record and for leave to proceed in forma pauperis, which the District Court denied because Fink was previously represented by counsel and the matter was closed. Fink and Schiavone then moved to remove their listed counsel and to reopen the case, citing counsel's inadequate performance. The District Court denied both motions, concluding that there was no basis to reopen the case and finding that Fink and Schiavone's counsel

---

[1] The deadline to timely appeal that order passed long ago, in October 2018. See 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).

had performed diligently. Fink now appeals the District Court's order denying the motions to remove counsel and to reopen the case.[2]

We review the denial of Fink's post-judgment motions for an abuse of discretion. See United States v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980); Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A plaintiff may voluntarily dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," or "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1). Alternatively, an action may be dismissed at the plaintiff's request "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Regardless of whether the action is voluntarily dismissed by the plaintiff under Rule 41(a)(1) or by court order under Rule 41(a)(2), the dismissal is without prejudice, unless the notice, stipulation, or order states otherwise. See Fed. R. Civ. P. 41(a)(1)(B) & 41(a)(2).

---

[2] A first notice of appeal—signed by Schiavone only—was filed on November 28, 2022, and a second notice of appeal—signed by Fink—was filed on March 17, 2023. After Fink filed his notice of appeal, Fink and Schiavone filed motions to compel the production of documents and for recusal of the District Judge. The District Court denied the motions to compel for lack of jurisdiction and the motion for recusal as frivolous. It does not appear that Fink intends to appeal the District Court's denial of the motions to compel. See ECF No. 12 at 1 (explaining that the motions were never intended to be submitted to the District Court). Instead, Fink has refiled the motions to compel, as well as the motion for recusal, in this Court. See 3d Cir. ECF No. 11, 12, & 16.

After Fink and Schiavone voluntarily dismissed the action with prejudice under Rule 41(a),[3] the District Court was deprived of jurisdiction over the merits of the action. See State Nat'l Ins. Co. v. Cnty. of Camden, 824 F.3d 399, 407 (3d Cir. 2016).[4] Therefore, to the extent that Fink's post-judgment motions relate to the merits of the action, the District Court lacked jurisdiction to consider them. And to the extent that the District Court had jurisdiction to reopen the case pursuant to Rule 60(b), see Williams v. Frey, 551 F.2d 932, 935 (3d Cir. 1977), abrogated on other grounds by Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988), the District Court did not abuse its discretion in declining to do so. Fink argued only that his counsel's representation was "inadequate," and did not show that the representation presented "extraordinary circumstances" to warrant reopening under Rule 60(b)(6).[5] See Buck v. Davis, 580 U.S. 100, 123 (2017)

---

[3] While the District Court was permitted to dismiss the action with prejudice under Rule 41(a)(2), it need not have acted at all in the face of Fink and Schiavone's self-effecting with-prejudice dismissal under Rule 41(a)(1). See In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 165 (3d Cir. 2008) (explaining that the effect of a notice under Rule 41(a)(1) is "automatic," and "no order of the district court is needed to end the action"). State Farm's motion to dismiss did not prevent entry of a voluntary dismissal. See id. at 166 (explaining that, "[b]ecause a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is neither an answer nor a motion for summary judgment, its filing generally does not cut off a plaintiff's right to dismiss by notice").

[4] The notice of dismissal here did not provide for the District Court's retention of jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 382 (1994) (explaining that, where a district court does not retain jurisdiction over the settlement agreement and where there is no independent basis for federal jurisdiction, enforcement of the settlement agreement is for state courts); In re Phar-Mor, Inc. Sec. Litig., 172 F.3d 270, 274 (3d Cir. 1999) (explaining that a dismissal order's "mere reference to the fact of settlement does not incorporate the settlement agreement in the dismissal order") (cleaned up).

[5] Rule 60(b) requires that a party seek relief under subsections (1), (2) and (3) "no more

4

(explaining that relief under Rule 60's catchall provision is warranted only if a movant shows "extraordinary circumstances"); see also Bell v. Eastman Kodak Co., 214 F.3d 798, 802 (7th Cir. 2000) (explaining that the poor performance of counsel is not a reason to reopen a judgment in a civil case; instead, the remedy is a suit for legal malpractice or for breach of fiduciary duty).

The District Court also did not abuse its discretion in denying Fink's motion to disqualify or remove all listed counsel, considering that the action settled five years before and there was no basis to reopen it.  See generally United States v. Bellille, 962 F.3d 731, 738 (3d Cir. 2020) (explaining that questions of attorney withdrawal are committed to the District Court's sound discretion); Miller, 624 F.2d at 1201 (explaining that district courts are empowered with "inherent authority to supervise the professional conduct of attorneys appearing before it").

Accordingly, we will affirm the judgment of the District Court.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.  Fink's motions to compel discovery are denied, as there is no provision for discovery on appeal.  See In re Cap. Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990).  His motion to recuse the District Judge is also denied, as he has not shown that a reasonable person would question the impartiality of the District Judge, see 28 U.S.C. § 455(a); In re Kensington

---

than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  Fink filed his notice of voluntary dismissal on September 5, 2018. Consequently, subsections (1), (2), and (3) are unavailable to him.  And subsections (4) and (5) are factually inapplicable.  Therefore, Fink can only seek relief under Rule 60(b)(6).

5

Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004), or that any of the circumstances enumerated in § 455(b) are present here, see Liteky v. United States, 510 U.S. 540, 555–56 (1994). To the extent that Fink's filings request any other forms of relief, those requests are denied.