551 F.2d 932
 Donald WILLIAMS and Marion Tillery
v.
Gerard T. FREY, Superintendent, et al., Appellants.
*
Nos. 76-2046 and 76-2047.
 United States Court of Appeals,
Third Circuit.
 Argued Feb. 17, 1977.
Decided March 31, 1977.
 
 Richard G. Fishman, Prisoner Assistance Project, Baltimore, Md., Baltimore Legal Aid Bureau, for appellants.
 Charles H. Hinkson, Hinkson & Brennan, Chester, Pa., for appellees.
 Before SEITZ, Chief Judge, and VAN DUSEN and WEIS, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Chief Judge.
 
 
 1
 This appeal arises from collateral proceedings following the settlement of a suit to obtain greater visiting privileges for inmates of Delaware County Prison in Thornton, Pennsylvania. This action has such a tortuous procedural history in the district court as to defy description.
 
 
 2
 The complaint was filed on May 15, 1974, by Edward L. Stanley, a pre-trial detainee at the Prison who sought to represent all "persons who have been, are, or will be pre-trial detainees held in Delaware County Prison." It alleged that the defendant prison officials, the predecessors in office of the present defendants, had promulgated or enforced visiting rules which deprived the class of their rights to freedom of association, equal protection, and due process. The parties agreed that the relevant criteria of F.R.Civ.P. 23 as to class action status were satisfied, but the court itself never made a determination that a class action was proper.
 
 
 3
 On June 4, 1974, the parties entered into a judicially approved "Stipulation," in effect a settlement of the suit, under which defendants agreed to allow inmates increased visiting privileges. While the complaint was filed only on behalf of pre-trial detainees, the parties chose to allow sentenced inmates the new visiting privileges as well. The Stipulation provided that the action was dismissed by agreement of the parties, "(p) ursuant to Rule 41(a)(1)" of the Federal Rules of Civil Procedure.
 
 
 4
 On September 24, 1975, the defendants petitioned the court to modify the Stipulation on the grounds that the agreed upon visiting privileges were causing severe administrative problems. On the same date the court ordered the named plaintiff Stanley to show cause why the petition to modify should not be granted. In considering defendants' petition, the court was concerned that there was no proper plaintiff before it, in that named plaintiff Stanley was no longer an inmate at the Prison, and the suit had never been certified as a class action. The court thus permitted Donald Williams and Marion Tillery to intervene; by order dated June 7, 1976, it amended the caption of the case to insert their names as parties plaintiff.
 
 
 5
 Apart from the problem of obtaining a proper plaintiff, the court in considering defendants' petition to modify was also concerned that there was nothing left of the original lawsuit to modify, since the suit had been dismissed. In a further effort to give validity to defendants' efforts to modify the Stipulation, the court with the agreement of the parties, stated in its June 7 order that the Stipulation would be "considered" a consent decree. The court construed the petition to modify as a motion for relief under F.R.Civ.P. 60(b).
 
 
 6
 After hearings on the defendants' petition had begun, the court, on its own initiative, again considered whether there was a plaintiff before it who had a live controversy with the defendants. It concluded that there was no such plaintiff, partly because it appeared that Williams and Tillery were sentenced inmates rather than pre-trial detainees as had originally been supposed. The court also found that Tillery was no longer confined at Delaware County Prison. From the record it appears that Williams is still confined at the Prison. On July 23, 1976, the court ordered that the petition to modify be dismissed "for want of a live case or controversy," despite the fact that two pre-trial detainees, Luke N. Dowdy and John A. Pandola, had that morning moved to intervene. The order of July 23 also: a) vacated the rule to show cause directed to the original plaintiff Stanley on September 24, 1975 b) vacated the court's order of June 7, 1976, which had stated that the Stipulation would be considered a consent decree and caused Williams' and Tillery's names to be inserted in the caption of the case. Williams and Tillery appeal from the July 23 order in No. 76-2046.[1] Defendants do not cross-appeal the dismissal of their petition.
 
 
 7
 Dowdy and Pandola, the pre-trial detainees who had been denied leave to intervene, then moved that defendants be held in contempt of court for failing to comply with the Stipulation of June 4, 1974. They also asked that defendants be stayed from changing the agreed upon visiting privileges pending resolution of the contempt proceedings. On August 13, 1976, the court denied both requests. Although appellants Williams and Tillery did not join in the motion to hold defendants in contempt, they appeal the court's August 13 order in No. 76-2047.
 
 
 8
 Appellants ask that we reverse the orders of July 23 and August 13, and that we order the defendants to reinstitute the visiting privileges contained in the Stipulation. They also ask that these privileges be reinstituted pending appeal.
 
 
 9
 We note at the outset that Tillery lacks standing to raise any issue in the case, since he is no longer confined at Delaware County Prison. The situation with regard to Williams is different. As to the order of July 23, he does not have standing to complain of the dismissal of the defendants' petition to modify, since he is not injured by virtue of the fact that the petition was dismissed. For the same reason he lacks standing to complain of the fact that the district court vacated its rule to show cause why the petition to modify should not be granted. He does, however, have standing to complain of the provision of the July 23 order which vacated the court's order of June 7 that Tillery and himself be inserted as captioned plaintiffs, and that the Stipulation be considered a consent decree.
 
 
 10
 Williams was in the first place injured by the court's decision to vacate its order that the Stipulation be considered a consent decree. The Stipulation extends the new visiting privileges to sentenced inmates like Williams as well as to pre-trial detainees, and he might well want to obtain these privileges by moving to hold defendants in contempt. For defendants to be held in contempt, however, it must be shown that they have failed to perform an act commanded by the court. Skinner v. White, 505 F.2d 685, 688-9 (5th Cir. 1974). Even though the Stipulation, which dismissed the suit, was approved by the court, it is not a command of which defendants can be held in contempt. On the other hand, defendants may be held in contempt of a consent decree. Thus, Williams sustained a cognizable loss by virtue of the provision of the July 23 order which vacated the earlier order that the Stipulation be considered a consent decree.
 
 
 11
 We conclude that the court's misgivings about its earlier order were misplaced. The court reasoned that since the suit had been dismissed, there was nothing to "metamor- phose" into a consent decree. But we conclude that the court had the power to consider the petition to modify the agreement to dismiss the suit, though we express no view as to whether relief would have been appropriate.[2] See Chief Freight Lines v. Local Union No. 886, 514 F.2d 572 (10th Cir. 1975); Pagan v. American Airlines, Inc., 534 F.2d 990 (1st Cir. 1976). Our conclusion is supported by the fact that F.R.Civ.P. 60(b) speaks of relief from a final "proceeding" as well as a final "judgment" or "order". The dismissal of the suit was, in our view, a proceeding, and it was clearly final. In sum, the court had the power to reopen the dismissed suit. Once the suit was reopened, the court had the power to order that the Stipulation be considered a consent decree, especially as both sides acquiesced in this procedure.[3]
 
 
 12
 Williams was also injured by the provision of the July 23 order which struck Tillery and himself from the case as parties plaintiff. Again we must consider the problem in light of the fact that the court acted on its own motion. The reasoning behind the court's decision to question the validity of its earlier order is somewhat difficult to ascertain from its Bench Opinion. The court may have vacated its earlier order on the basis of the view that the proceedings before it had been a nullity from the start, since the original suit had been dismissed. But as noted above, we believe that the court did have the power to reopen the dismissed suit on defendants' petition to modify. In questioning the validity of its decision to allow Williams and Tillery to intervene, the court may also have been concerned with the Article III requirement of case or controversy. The court stressed that the original plaintiff, Stanley, was no longer an inmate at Delaware County Prison, and that the suit had never been certified as a class action. The Bench Opinion indicates that the court felt that because it was improper to allow Williams and Tillery to intervene, no plaintiff in the case had a live case or controversy with the defendants. The Bench Opinion does not indicate that the court was merely reevaluating its exercise of discretion in light of the fact that it had been mistaken in supposing that Williams and Tillery were pre-trial detainees.
 
 
 13
 The fact that the court was mistaken in supposing that Williams and Tillery were pre-trial detainees does not, in our view, mean that the court was acting outside its authority in allowing them to intervene. While the complaint was filed on behalf of pre-trial detainees, the Stipulation extended the new visiting privileges to sentenced inmates as well. The court thus had the power to allow Williams and Tillery to intervene to protect their interests. See 3B Moore's Federal Practice, Para. 24.13(1).
 
 
 14
 The appeal in No. 76-2047 is from the court's order of August 13, which denied the motion to hold defendants in contempt. This motion was made only by Dowdy and Pandola, the pre-trial detainees who had been refused leave to intervene. Appellants will not be heard to complain of the denial of a motion in which they did not join.
 
 
 15
 The order of July 23 will be reversed insofar as it vacated the earlier order that: a) the Stipulation be considered a consent decree b) appellants be named as parties plaintiff. We wish to stress that nothing in this opinion should be viewed to limit the defendants in renewing their application to modify the consent decree, if they should so desire. See System Federation v. Wright, 364 U.S. 642, 647, 81 S.Ct. 368, 5 L.Ed.2d 349 (1961); Mayberry v. Maroney, 529 F.2d 332 (3d Cir. 1976). The appeal from the July 23 order will otherwise be dismissed. The appeal from the order of August 13 will be dismissed. Appellants' request for a stay or injunction pending appeal will be denied. Each party to bear its own costs.
 
 
 
 *
 See Footnote 1 of the opinion
 
 
 [1]
 The notices of appeal in both No. 76-2046 and No. 76-2047 only name the original plaintiff, Edward Stanley, as the party taking the appeal. Under most circumstances, the designation of the party appellant in the notice of appeal will govern. F.R.App.P. 3(c). But in the present case, we will also consider Williams and Tillery as appellants, since there would be no prejudice to the defendants in doing so. In the first place, appellees have so considered them at all stages of this appeal. Second, appellees' brief encompasses the issues of substance decided here
 Stanley, of course, has no standing to complain of the district court's orders, since he is no longer an inmate at Delaware County Prison.
 
 
 [2]
 The court never decided whether it would grant relief under F.R.Civ.P. 60(b) because it concluded that the petition must be dismissed "for want of a live case or controversy." We need not express any view as to whether the court had grounds on which to grant relief under F.R.Civ.P. 60(b). See Mayberry v. Maroney, 529 F.2d 332 (3d Cir. 1976). We hold merely that the court had the power to consider granting collateral relief even though the case had been dismissed, and no judgment or order been entered
 
 
 [3]
 In deciding whether it had the power to entertain the modification proceedings, the district court felt that it could not modify an agreement to dismiss; it thus faced the question of whether it could properly consider the Stipulation as a consent decree. On our conclusion that the court could entertain a petition to modify the Stipulation, the issue of whether the Stipulation may permissibly be considered a consent decree is not one which goes to the court's power to entertain the proceedings. One might thus question whether we should consider it, since the court raised the problem on its own motion. However, since the issue was first raised as one which affected the court's power to entertain the collateral proceedings, we see little point in refusing to address it on technical grounds