G. E. SMITH & ASSOCIATES, INC., a corporation, Plaintiff-Appellant,

Centennial Associates, Ltd., etc., Plaintiff,

v.

OTIS ELEVATOR COMPANY, a corporation, Defendant-Appellee.

No. 77–2387.

United States Court of Appeals, Fifth Circuit.

Dec. 10, 1979.

Clarence L. McDorman, Jr., Birmingham, Ala., for plaintiff-appellant.

Douglas T. Arendall, Crawford S. McGivaren, Jr., Birmingham, Ala., for defendant-appellee.

Before GODBOLD, HILL and POLITZ, Circuit Judges.

PER CURIAM:

Gary Smith is a general partner in Centennial Associates and president and principal stockholder of Smith Associates. Centennial entered into a contract to have work done by Smith Associates on an apartment building owned by Centennial. Smith Associates entered into a contract with Otis

Elevator for installation of an elevator. This case arose from differences over the elevator job. Otis was successful below.

The jury on adequate evidence and proper instructions found against Smith Associates on its breach of contract claim.

 Centennial asserted claims based upon breach of contract and trespass. Otis's motion to dismiss the appeal of Centennial must be granted. Centennial did not substantially comply with the rule requiring filing notice of appeal, *Parrish v. Board of Commissioners*, 505 F.2d 12, 16 (CA5, 1974), *opinion withdrawn on other grounds*, 509 F.2d 540 (1975), *en banc opinion substituted*, 524 F.2d 98 (1975); *see also, Cobb v. Lewis*, 488 F.2d 41 (CA5, 1974), nor is this a case of a mere minor irregularity. Only Smith Associates appealed; Centennial's name did not appear on the notice of appeal at all, and no other notice of any kind was ever given that it intended to appeal. Centennial and Smith Associates are not one and the same but are different entities in contract with one another, one as owner and the other as party to do construction work. The notice of appeal should have contained the names of both parties in order to perfect both parties' appeals. *Life Time Doors, Inc. v. Walled Lake Door Co.*, 505 F.2d 1165, 1166 (CA6, 1974). Also, Centennial did not file a cost bond, which itself may justify dismissal. *MacNeil Bros. v. State Realty Co. of Boston*, 262 F.2d 364, 366 (CA1, 1959).[1]

The motion to dismiss Centennial's appeal is GRANTED. Judgment in favor of Otis on the claim of Smith Associates is AFFIRMED.

---

1. Centennial would fare no better if its appeal were not dismissed. Assuming that Centennial had standing to complain of an alleged breach of contract by Otis, the jury verdict settled this claim. On Centennial's trespass claim the jury found for Otis, and the court's jury instruction on Centennial's consent to a nonforceable entry by Otis was correct.