**Billy HARRISON, Administrator of the Estate of Elsie Marie Harrison, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 83–1388.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 25, 1983.

Decided Sept. 1, 1983.

James Bruce McMath, Little Rock, Ark., for appellant.

W. Asa Hutchinson, U.S. Atty., Larry R. McCord, Asst. U.S. Atty., Fort Smith, Ark., for appellee.

Before HEANEY and BRIGHT, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

This case involves eight consolidated personal injury and wrongful death actions brought by eleven plaintiffs under the Federal Tort Claims Act (FTCA). The district court, 521 F.Supp. 1273, held that plaintiffs' tort claims were barred by the discretionary function exception to the FTCA. This court reversed in part, holding that one of plaintiffs' theories of negligence was not barred by the discretionary function exception. It remanded the case to the district

court for a determination of whether plaintiffs' theory was cognizable under Arkansas law and whether plaintiffs could establish their claim. *Madison v. United States,* 679 F.2d 736 (8th Cir.1982).

The joint notice of appeal failed to specify as appellant Billy Harrison, Administrator of the estate of Elsie Marie Harrison, plaintiff in USDC No. 78–1006. This failure was not noticed by Billy Harrison, or by his attorney, until after remand by this court, when the workers' compensation carrier attempted to intervene in the proceedings. At that point, the district court clerk informed the parties that the Harrison case was closed. Harrison thereupon filed a motion to reopen the case and amend the notice of appeal to include his name. The district court denied the motion for lack of jurisdiction. Harrison now appeals.

We agree with the district court that it lacked jurisdiction to grant the relief requested. However, we recall our mandate to allow amendment to the notice of appeal.

FRAP 3(c) provides:

The notice of appeal shall specify the party or parties taking the appeal....

Several courts have held that a party not specifically named in the notice of appeal may not be deemed an appellant. The leading case is *Van Hoose v. Eidson,* 450 F.2d 746, 747 (6th Cir.1971), where the court held:

We are satisfied that the only appellant in this case is Floyd Van Hoose. Rule 3(c) ... requires in part: "The notice of appeal shall specify the party or parties taking the appeal." The only party specified in the notice of appeal filed in this case was Floyd Van Hoose. The term "et al" does not inform any other party or any court as to which of the plaintiffs desire to appeal in this case. This is more than a clerical error.

*Accord Cook & Sons Equipment, Inc. v. Killen,* 277 F.2d 607, 609 (9th Cir.1960); *Penwell v. Newland,* 180 F.2d 551, 552–53 (9th Cir.1950); *Covington v. Allsbrook,* 636 F.2d 63, 63–64 (4th Cir.1980), *cert. denied,* 451 U.S. 914, 101 S.Ct. 1990, 68 L.Ed.2d 305 (1981); *G.E. Smith & Assoc., Inc. v. Otis*

*Elevator Co.,* 608 F.2d 126, 127 (5th Cir. 1979); *Life Time Doors, Inc. v. Walled Lake Door Co.,* 505 F.2d 1165, 1167–68 (6th Cir. 1974); 16 C. Wright, A. Miller, E. Cooper and E. Gressman, *Federal Practice and Procedure* § 3949 at 356 (1977) ("where there are multiple aggrieved parties, only those who join in the notice of appeal will be deemed to have taken an appeal.")

On the other hand, in certain extreme cases, FRAP 3 has been construed more liberally, to allow a party not named as an appellant in a notice of appeal to appeal. *See, e.g., Williams v. Frey,* 551 F.2d 932, 934 n. 1 (3d Cir.1977); *Brubaker v. Board of Educ., School District 149, Cook County, Ill.,* 502 F.2d 973, 983 n. 4 (7th Cir.1974), *cert. denied,* 421 U.S. 965, 95 S.Ct. 1953, 44 L.Ed.2d 451 (1975) (panel decision; court en banc affirmed district court by equally divided court). In *Williams v. Frey, supra,* 551 F.2d at 934 n. 1, the notice of appeal named only the original plaintiff as appellant. Two other persons, Williams and Tillery, had been permitted to intervene, and the caption was amended in the district court to include their names as plaintiffs. The court of appeals held:

Under most circumstances, the designation of the party appellant in the notice of appeal will govern. F.R.App.P. 3(c). But in the present case, we will also consider Williams and Tillery as appellants, since there would be no prejudice to the defendants in doing so. In the first place, appellees have so considered them at all stages of this appeal. Second, appellees' brief encompasses the issues of substance decided here.

This case is very close on its facts to *Williams v. Frey.* The cause of the error here is clear. The district court's order appealed from listed all consolidated cases; Harrison's case was on the top of the second page of the order. When the joint notice of appeal was prepared, whoever prepared that notice of appeal overlooked Harrison's name on the top of the second page. However, the notice of appeal was timely for the consolidated cases, the issues decided by this court on appeal were common to all plaintiffs and the United States does not allege

that it was ever aware that Harrison was not named on the notice of appeal or that it has relied on Harrison's failure to appeal.

We consider this a very rare but appropriate case for a liberal construction of FRAP 3. Therefore, to prevent manifest injustice, we recall our mandate in *Madison v. United States,* 679 F.2d 736 (8th Cir. 1982), and order that the timely notice of appeal be amended to include as appellant Billy Harrison.

The appeal in our No. 83–1388 is treated as a motion for such recall of mandate and is granted at cost of appellant Harrison. As an appeal, No. 83–1388 is dismissed at cost of Harrison.