E. GRADY JOLLY, Circuit Judge,
dissenting:
The majority preserves this litigation in spite of Yesh Music’s voluntary and tactical decisionmaking — -first filed in Texas, dismissed, refiled in New York, dismissed, and then back to Texas, reopened, and then this appeal from the first Texas voluntary dismissal. The case was dismissed with prejudice in New York. In order to preserve the litigation, the majority is forced to adopt a distorted interpretation of Federal Rule of Civil Procedure 60(b) and its jurisdictional scope. The majority is further forced to acknowledge that the first Rule 41(a)(1)(A)® notice of voluntary dismissal — importantly, the only notice of dismissal at issue in this appeal — was not a final appealable judgment or order. The majority is not deterred, however. It seizes on the most enigmatic of Rule 60(b) “final” categories — “proceeding”—and concludes that a proceeding can occur when nothing occurred, and calls it “final” when the same claim is filed the very next day in the New York court. Some proceeding. Some finality. It is legal legerdemain at its most twisted to define the unilateral placing of a sheet of paper in a court file, without any proceeding ever occurring, without permission or knowledge of the court, without notice to the other parties, without a stated reason to anyone, and without formality of any kind, as a judicial “proceeding.” Nor does it seem to matter to the majority that concerns of equity in the instant case do not justify adopting such a protean interpretation of Rule 60(b); in short, Yesh Music’s conduct does not warrant the extraordinary remedy of Rule 60(b)(6). I respectfully dissent.
I.
A proper analysis of this appeal begins with the indisputable premise: This case arose only after the plaintiff, Yesh Music, unilaterally and voluntarily filed a second notice of dismissal of this case in the New York court pursuant to Rule 41(a)(1)(A)®, resulting in the entire lawsuit’s dismissal with prejudice under Rule 41(a)(1)(B).[1] No other case has addressed a similar factual circumstance: a plaintiff voluntarily dismisses its case with prejudice, but then attempts to overcome this legal consequence by reopening the same case, earlier voluntarily dismissed, but in a different federal district court from the court where the prejudicial dismissal occurred. None of the cases cited by the majority are remotely comparable to the situation we have before us. Yet the majority applies an “equitable” remedy by shifting the consequences of Yesh Music’s legal blunder to Lakewood’s shoulders.
*365 This appeal falls within the application of the rule established by the Supreme Court in 1950 that, “The broad power granted by [Rule 60(b) ](6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made.” In re Pettle, 410 F.3d 189, 192 (5th Cir.2005) (alteration in original) (emphasis added) (quoting Edward H. Bohlin Co. v. Banning, 6 F.3d 350, 356-57 (5th Cir.1993)); see also Ackermann v. United States, 340 U.S. 193, 198, 71 S.Ct. 209, 95 L.Ed. 207 (1950). Or, stated differently, “Where a party makes a considered choice ... he ‘cannot be relieved of such a choice [under Rule 60(b) ] because hindsight seems to indicate to him’ that, as it turns out his decision was ‘probably wrong.’ ” In re Pettle, 410 F.3d at 193 (alteration' in original) (quoting Paul Revere Variable Annuity Ins. Co. v. Zang; 248 F.3d 1, 6 (1st Cir.2001) (quoting Ackermann)). Rule 60(b)(6) “is considered an extraordinary remedy,” applied “to do justice in a particular case.” Id. at 191; Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir.1995) (citation omitted).
Consistent with this rule, “[a] party remains under a duty to take legal steps to protect his own interests.” Edward H. Bohlin, 6 F.3d at 357. And, experiencing a moment of judgment, Yesh Music did indeed file a letter in New York district court asking the proper method for restarting its case — for what would effectively be the third time — in the Texas district court pursuant to the agreement made before Judge Ellison in Texas. Yesh Music’s letter stated, “Plaintiff seeks guidance from the Court on whether simply.voluntarily dismissing this matter pursuant to Fed.R.Civ.P. 41(a)(l)(A)(i) is the preferred way for this Court to proceed.”[2] Yesh Music, however, was unwilling to await the New York court’s response. Yesh Music made an uninformed quick decision — a “free, calculated, and deliberate ehoice[ ]” — to file its second Rule 41(a)(l)(Á)(i) notice of dismissal in the New York civil action.[3] The New York case was thus voluntarily dismissed with prejudice, through operation of Rule 41(a)(1)(B). Edward H. Bohlin, 6 F.3d at 357.
And — as the Texas district court noted in its order granting Rule 60(b)(6) relief— immediately after Yesh Music’s voluntary dismissal in New York, Lakewood “wrote a [second] letter to [the Texas district court] accusing [Yesh Music] of dismissing the New York Action in order to prevent [the New York court] from awarding attorneys’ fees.” The district court itself described Yesh Music’s actions as “an [apparent] attempt to ‘dodge an award of attorneys’ fees,” and noted that Yesh Music “voluntarily dismissed the New York Action without consulting either court on the correct procedure for proceeding with this case in the Southern District' of Texas.” Furthermore, the district court expressly stated that, “Plaintiffs’ choice' to dismiss the original lawsuit [the Texas complaint] was voluntary, affirmative, and tactical,” and. that Yesh Music “failed to hold up their part of the bargain [made in open *366 court] with [Lakewood]: specifically, to permit the New York court to rule on the issue of attorneys’ fees.”
Opting to act before the New York district court responded to its letter; failing to ask the Texas district court the proper procedure for transferring the case back to Texas; and failing to research the preclusive effect that a second Rule 41(a)(l)(A)(i) voluntary dismissal would have on its case through operation of Rule 41(a)(1)(B), Yesh Music affirmatively and deliberately caused its own harm. The question then is, how does this case present “unique circumstances that cry out for” equitable relief. Edward H. Bohlin, 6 F.3d at 357. The majority largely ignores the unclean hands of Yesh Music.
II.
I next turn to the error of the majority in forcing and squeezing this case into Rule 60(b)’s jurisdictional scope. The text of Rule 60(b) restricts jurisdiction expressly to relief from a “final judgment, order, or proceeding.” Because Yesh Music’s first voluntary notice of dismissal — the only dismissal before us in this appeal— satisfies none of the limited jurisdictional bases, the district court acted in the absence . of jurisdiction in granting Rule 60(b)(6) relief.
As an initial matter, we expressly stated in Harvey Specialty & Supply, Inc. v. Anson Flowline Equipment Inc., 434 F.3d 320 (5th Cir.2005), that, “Ultimately, a Rule 41(a)(1) dismissal is not a ‘final judgment.’ ” Id. at 324. And, because district courts are not permitted to take any action after the filing of the first notice of voluntary dismissal under Rule 41(a)(1)(A)®, see Qureshi v. United States, 600 F.3d 523, 525 (5th Cir.2010), such a filing also cannot be a “final order.” Thus with respect to whether we are presented with a “final judgment” or “final order,” I am in agreement with the majority — we are not.
All that now remains of Rule 60(b) to examine is the phrase “final proceeding.” First, a voluntary dismissal filed by one party, before an answer is filed, which does not operate in any capacity as. an adjudication on the merits, cannot be a “final” proceeding when the same case may be filed again at any time the plaintiff wishes. See 12 James Moore et al, Moore’s Federal Practice § 60.23, at 60-82 (3d ed.2012) (noting that “final” is generally defined in terms of whether the judgment was sufficiently final so as to be appealable, with certain exceptions for consent decrees and Rule 68 judgments); see also 11 Wright, Miller & Kane, Federal Practice & Procedure §§ 2851-2852, at 285-99, § 2864, at 485-86 (3d ed.2012). Following the first Rule 41(a)(1)(A)® voluntary dismissal without prejudice, “the plaintiff is free to return to the dismissing court or other courts at a later date with the same claim.” Harvey, 434 F.3d at 324.
Yesh Music’s only recourse for a second attempt to stay in court was to refile its civil action. Yesh Music immediately did so in New York district court and thus exhausted its only recourse for “reopening” this dismissal of its complaint. As such, our reasoning in Harvey applies with equal force in this case. Id. “Finality” for purposes of Rule 60(b) occurs when a case is resolved in some fashion on the merits through, for example, a dismissal with prejudice, a final judgment, or a settlement agreement. See A Dictionary of Modern Legal Usage 358 (2d ed.1995) (although “final” is open to varying constructions, “in almost all situations it is entirely clear, either from the nature of the order or from a crystallized body of decisions, that a particular order is or is not final” (citation omitted)). A second Rule 41(a)(1)(A)® voluntary dismissal therefore *367 is entirely distinguishable from a first voluntary dismissal; Rule 41(a)(1)(B) renders the second dismissal an adjudication on the merits. This appeal however, appeals only the first voluntary dismissal, and there is thus no need to express an opinion as to whether the New York district court might well retain jurisdiction to reopen the second dismissal that operates as a final judgment. Filing a sheet of paper may constitute a judgment or order under Rule 60(b), but a piece of paper is not a proceeding in the federal district court. And no distortion of the-word can make it so.
Second, the cases cited by the majority that have attempted to extend Rule 60(b) to find jurisdiction do not attempt to explain how unilaterally filing a paper is a “proceeding”, much less a “final” one. There is, as I continue to point out, by definition no proceeding or judicial consequence attending the filing of a first Rule 41(a)(1)(A)® voluntary dismissal. Am. Cyanamid Co. v. McGhee, 317 F.2d 295 (5th Cir.1963); see also Qureshi, 600 F.3d at 525 (quoting American Cyanamid on Rule 41(a)(1)(A)®, and stating that “in the normal course, the district court is divested of jurisdiction over the case by the filing of the notice of dismissal itself’). To say the plaintiff “filed a proceeding” makes sense to no one except, apparently, the majority. To conclude that the first Rule 41(a)(1)(A)® filing is a “proceeding,” is to seize upon the more indefinite term of Rule 60(b), to reshape and mold it for clearly unintended purposes, and thus to override and avoid the other Rulé 60(b) applicable categories of “judgment” and “order.” If placing a single sheet of paper in a court file satisfies the “proceeding” requirement, then Rule 60(b) jurisdiction may well be created to fit various filings that could be distorted as a final proceeding — such as a pleading, motion, etc., that purports to conclude finally an issue or segment of a case. Of course, such an application of Rule 60(b) is untethered to legal or common sense reasoning.
Although the debate here primarily focuses on the word “proceeding,” we cannot ignore that the legal term at issue is “final proceeding.” Both in terms of language and spirit, it should be clear that Rule 60(b) allows courts to reopen cases only following an action that has resulted in finality. Rule 60(b)(6) exists as a discretionary equitable avenue for occasions when there is no other remedy from finality of court action. That is not the case here. Indeed, what more evidence would one demand for a showing of non-finality here than the fact that Yesh Music filed a nearly identical case in New York district court the next day. Consequently, the Texas district court had no jurisdiction, under any rule, statute, or case to reopen this case under Rule 60(b) based, as it is, on the non-final Texas voluntary dismissal.
III.
It is now time to address the most significant cases cited by the majority in support of its holding. First, none of the cases primarily relied on are from this circuit. Second, only two of the cases actually involve a Rule 41(a)(1)(A)® voluntary dismissal. And third, with respect to those two eases, the courts’ application of Rule 60(b) relief is perfunctory and, consequently, entirely unpersuasive.
Both the Third Circuit, in Williams v. Frey, 551 F.2d 932 (3d Cir.1977), and the Seventh Circuit, in Nelson v. Napolitano, 657 F.3d 586 (7th Cir.2011), disregard the text of Rule 60(b), resorting instead to conclusory statements without reasoned analysis. Williams contains no discussion of “final proceeding,” stating only, and without further explanation, that, “The dismissal of the suit was, in our view, a proceeding, and it was clearly final.” 551 *368 F.2d at 935. Nelson addresses jurisdiction over collateral issues following a Rule 41(a)(1) dismissal, but the court makes no mention of “final proceeding.” 657 F.3d at 588-89. Because the government conceded Rule 60(b) jurisdiction, Nelson’s conclusion was merely that the court “agree[d] that there may be instances where a district court may grant relief under Rule 60(b) to a plaintiff who has voluntarily dismissed the action.” Id. at 589. Nelson thus offers no interpretation of Rule 60(b)’s jurisdictional scope, in particular given the court’s apparently mistaken view that there was an appealable final judgment before it with respect to a first Rule 41(a)(1)(A)® voluntary dismissal without prejudice. See id. Our precedent, however, prevents us from making the same mistake. See American Cyan-amid, 317 F.2d at 297.
Moreover, both Williams and Nelson were guided by their circuits’ prior precedent — and the desire to do equity. In Williams, the inmates and prison officials had entered a judicially approved “Stipulation” on visitation privileges, effectively settling the case on the merits and dismissing it “(p)ursuant to Rule 41(a)(1).” 551 F.2d at 933. To the point, there was judicial action in Williams, at least giving more meaning to the term “proceeding.” Later, the court became further involved. Prison officials petitioned the court to modify the Stipulation, citing severe administrative problems, and the parties agreed to have the court treat the Stipulation as a consent decree. Id. The district court refused to do so because it was concerned about its jurisdiction since the underlying lawsuit had been dismissed under Rule 41(a)(1). The Third Circuit, however, “concludefd] that the [district] court had the power to consider the petition to modify the agreement to dismiss the suit.” Id: at 934 (emphasis added). In short, the dismissal was done through the agreement reached by the parties. Unlike Williams, Yesh Music unilaterally, and without either Lakewood’s or the court’s agreement, or consent, dismissed the Texas civil action— the only dismissal that is at issue in this appeal. Again, we are not presented with whether the New York district court would have jurisdiction to reopen its case (or whether it would be equitable for that court to do so in the light of the facts presented).
Furthermore, Nelson provides no authority or analysis for what the majority seeks to do here. Both the Seventh Circuit and the government concluded that they were bound by prior precedent. 657 F.3d at 589. In McCall-Bey v. Franzeri, the court had previously stated that, “An unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b).” 777 F.2d 1178, 1190 (7th Cir.1985) (emphasis added). Based on McCall-Bey, the government expressly conceded “that a district court retains jurisdiction to consider a Rule 60(b) motion following a voluntary dismissal.” Nelson, 657 F.3d at 589. As support for its concession of Rule 60(b) jurisdiction, the government posited the situation where “a defendant fak[ed] his own death with a fraudulent death certificate in order to induce a plaintiff to voluntarily dismiss.” Id. Thus, in Nelson, the issue of Rule 60(b) jurisdiction was uncontested. We are certainly not presented with a similar situation in the instant case: Lakewood has not conceded the issue, we have never held that jurisdiction exists for reopening a voluntary dismissal without prejudice, and equity does not favor Yesh Music as it does in the Nelson hypothetical — a hypothetical based on fraud in the inducement to file a *369 voluntary dismissal.[4]
IV.
In closing, there is no legal analysis that supports a fit between this case and Rule 60(b)(6). In the first instance, the district court simply had no jurisdiction to enter Rule 60(b) relief without a “final judgment, order, or proceeding,” operating as an adjudication on the merits. Moreover, if we assume that jurisdiction existed, the district court abused its discretion in granting Rule 60(b)(6) relief — a form of equity — to forum-manipulating plaintiffs whose self-induced error was failing to read the Federal Rules of Civil Procedure. There are no equity concerns here. Indeed, the district court expressly acknowledged Yesh Music’s attempted manipulation. The facts underlying this case do not present the “extraordinary circumstances” warranting equitable relief pursuant to Rule 60(b)(6). Based on an unsupportable interpretation of Rule 60(b) jurisdiction— and despite the undisputed fact that this case is before us solely because of Yesh Music’s bungled litigation strategy — the majority provides Yesh Music its third effort to launch the same case off the ground, and does so with no underlying legal or equitable bases. I respectfully dissent.

. Notably, a dismissal with prejudice is an adjudication on the merits operating as a final judgment. Whether the second voluntary notice of dismissal resulted in a final judgment before the New York federal district court is not before us. But there clearly is no final judgment or order associated with Yesh Music’s first Rule 41(a)(l)(A)(i) dismissal without prejudice.'

. It is noteworthy that Yesh Music misrepresented the settlement to the New York district court by stating one of the terms as, "The parties will, of course, bear their own fees in the Texas action.” Lakewood then submitted a letter to the New York district court two days later noting that, "Defendants' counsel in the Texas Action ... has advised that [Plaintiffs’ letter’s] recitation of the April 2 hearing in Texas is somewhat inaccurate.”

. The timing of the second notice of dismissal also demonstrates the strategy underlying Yesh Music’s actions;' the notice of dismissal was filed on the same day that Lakewood submitted its letter to the New York court, calling attention to-Yesh Music’s mischaracterization of the parties’ agreement.

. The remaining cases cited by the majority are all factually and procedurally distinguishable from the instant case. The additional cases generally either: (1) involve stipulated dismissals, see Smith v. Phillips, 881 F.2d 902 (10th Cir.1989); or (2) address voluntary dismissals that operated as an adjudication on the merits, see In re Hunter, 66 F.3d 1002 (9th Cir.1995).