**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2663
_____

RICKY KAMDEM-OUAFFO,
                                        Appellant

v.

PLAZA SQUARE APARTMENTS; FRANCES AMMONS;
MARIA GEMILLIANA DESSI; ALYSSA GOLDMAN;
TANYA MARRIOTI; JOHN/JANE DOE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-17-cv-01068)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 25, 2022
Before:  GREENAWAY, JR., PORTER and NYGAARD, Circuit Judges

(Opinion filed: April 13, 2022)
_____

OPINION*
_____

PER CURIAM

Ricky Kamdem-Ouaffo appeals from the District Court's order denying his motion

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

for relief under Fed. R. Civ. P. 60(b).  This appeal is Kamdem-Ouaffo's third in this matter.  We affirmed in his prior appeals.  See Kamdem-Ouaffo v. Plaza Square Apartments, 740 F. App'x 766 (3d Cir. 2018) (Kamdem-Ouaffo I); Kamdem-Ouaffo v. Plaza Square Apartments, 840 F. App'x 715 (3d Cir. 2021) (Kamdem-Ouaffo II).  We will affirm in this appeal too.

I.

Kamdem-Ouaffo filed suit against Plaza Square Apartments and four individual defendants.  On his request, the District Court Clerk entered a default against one individual defendant (Frances Ammons).  Kamdem-Ouaffo later voluntarily dismissed his claims against the other three individual defendants under Fed. R. Civ. P. 41(a)(1).  The case then continued with Plaza Square as the only remaining participating defendant.  The District Court ultimately dismissed Kamdem-Ouaffo's complaint but with leave to amend.  Kamdem-Ouaffo appealed instead.  We concluded that the order of dismissal was a final order and affirmed.  See Kamdem-Ouaffo I, 740 F. App'x at 767-68 & n.2.

About two weeks later, Kamdem-Ouaffo filed with the District Court a motion for an extension of time to file an amended complaint.  The court denied his motion as moot in light of our ruling and expressly dismissed his complaint with prejudice.  Kamdem-Ouaffo appealed again, and we again affirmed.  Although we concluded that the District Court could have treated Kamdem-Ouaffo's motion as a Rule 60(b) motion, we declined to disturb its ruling because he did not assert valid grounds for Rule 60(b) relief.  See Kamdem-Ouaffo II, 840 F. App'x at 717.  As part of our ruling, we concluded that

2

Kamdem-Ouaffo's notice of appeal was timely, see id. at 716 n.2, and we clarified that the dismissal with prejudice did not apply to the claims against the three individual defendants who were voluntarily dismissed, see id. at 717 n.3.

Just three days later, Kamdem-Ouaffo returned to the District Court again. (He also filed a petition for rehearing in Kamdem-Ouaffo II, which we denied.) This time, Kamdem-Ouaffo expressly invoked Rule 60(b) and requested two forms of relief. First, he asked the court to "supplement or clarify" one of its orders in light of our ruling that his notice of appeal had been timely. Second, he asked the court to reinstate his claims against the three individual defendants whom he had voluntarily dismissed. The court denied that motion, and Kamdem-Ouaffo appeals.[1]

## II.

Kamdem-Ouaffo does not challenge the denial of his first request for relief, and there was no basis for that request in any event.[2] Kamdem-Ouaffo does challenge the denial of his second request for relief, but that request did not warrant relief either.

---

[1] The District Court's order denying Rule 60(b) relief is a final decision over which we have jurisdiction under 28 U.S.C. § 1291. See Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011). We review that order for abuse of discretion but exercise plenary review over legal issues. See Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 269 & n.8 (3d Cir. 2002). Kamdem-Ouaffo has not invoked any particular subsection of Rule 60(b), but we construe his motion as one under Rule 60(b)(6). Relief under Rule 60(b)(6) is "extraordinary" and is reserved for "exceptional circumstances." Id. at 273. We note that our ruling would be the same if Kamdem-Ouaffo's arguments could be read to invoke any other provision of Rule 60(b) or any other rule.

[2] In Kamdem-Ouaffo II, he appealed the District Court's order denying his request for an extension of time to amend his complaint. He also filed a motion with the District Court to reconsider that order. The court denied that motion. In doing so, the court noted that

Kamdem-Ouaffo argues that the District Court should have reinstated his claims against the three defendants whom he voluntarily dismissed. In Kamdem-Ouaffo II, we clarified that the dismissal of Kamdem-Ouaffo's claims against Plaza Square with prejudice did not apply to these three defendants. Instead, Kamdem-Ouaffo's voluntary dismissal of his claims against those three defendants effected a dismissal without prejudice. See Fed. R. Civ. P. 41(a)(1)(B); see also Noga v. Fulton Fin. Corp. Emp. Benefit Plan, 19 F.4th 264, 271 n.3 (3d Cir. 2021) (noting that Rule 41 may be used to dismiss claims against particular parties). Thus, as the District Court advised Kamdem-Ouaffo, his voluntary dismissal of his claims against these three defendants does not prevent him from filing another complaint against them in the future.

Kamdem-Ouaffo argues that the District Court should have reinstated his claims against these defendants in this action instead. The court concluded that it lacked jurisdiction to do so. As in Kamdem-Ouaffo II, the court could have considered relief under Rule 60(b).[3] But also as in Kamdem-Ouaffo II, there is no reason to remand

there was some question (as we had advised Kamdem-Ouaffo) whether his notice of appeal was timely. The court then liberally construed his motion for reconsideration as also seeking an extension of time to appeal under Fed. R. App. P. 4(a)(5), and it denied that request as well. Kamdem-Ouaffo did not separately appeal from that ruling. See Kamdem-Ouaffo II, 840 F. App'x at 716 n.2. We ultimately construed his motion for reconsideration as a motion under Fed. R. Civ. P. 59(e) that extended his time to appeal, and we deemed his notice of appeal timely for that reason. See id. Kamdem-Ouaffo argued in his Rule 60(b) motion that the District Court should "supplement or clarify" its order denying reconsideration and Rule 4(a)(5) relief because we deemed his appeal timely. But the District Court's denial of Rule 4(a)(5) relief was of no moment because we deemed Kamdem-Ouaffo's appeal timely for another reason. And our ruling that his appeal was timely provided no basis to reconsider the order that we went on to affirm.

[3] In concluding otherwise, the District Court relied on our statements that "the court has

4

because Kamdem-Ouaffo raised nothing that might have warranted such relief. The Rule 60(b) hurdles are particularly high when a plaintiff seeks to reinstate claims that the plaintiff has voluntarily dismissed. See Coltec Indus., 280 F.3d at 273 & n.15. The only reason that Kamdem-Ouaffo gave for seeking reinstatement was our clarification in Kamdem-Ouaffo II that the District Court's with-prejudice dismissal did not apply to these claims. But the dismissal of these claims had always been without prejudice, see Fed. R. Civ. P. 41(a)(1)(B), and there is nothing extraordinary about our clarification of that fact. Nor did Kamdem-Ouaffo offer anything else that might have given the District Court a basis to grant his request.[4]

---

no role to play" following a voluntary dismissal and that "[a] proper notice [of voluntary dismissal] deprives the district court of jurisdiction to decide the merits of the case." In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 166 (3d Cir. 2008). But Bath & Kitchen held that courts lack the authority to deny a proper voluntary dismissal and then rule on the merits of the dismissed claim. Bath & Kitchen did not involve a request to reinstate a dismissed claim. "When fewer than all defendants are dismissed voluntarily, . . . the court retains plenary power to reinstate those defendants until the claim has been adjudicated as to the remaining defendants." Williams v. Rene, 72 F.3d 1096, 1101 (3d Cir. 1995) (quotation marks omitted). Thereafter, the District Court may reinstate claims against voluntarily dismissed defendants under Rule 60(b). See, e.g., Yesh Music v. Lakewood Church, 727 F.3d 356, 359-63 (5th Cir. 2013) (collecting cases, including Williams v. Frey, 551 F.2d 932, 934-35 (3d Cir. 1977), abrogated in part on other grounds by Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988)).

[4] For the first time on appeal, Kamdem-Ouaffo argues that filing a new complaint against the voluntarily dismissed defendants would be less advantageous than reinstatement for a number of reasons, including that filing a new complaint would require another filing fee and service of process and that a new complaint might be barred by res judicata. We typically do not consider arguments raised for the first time on appeal. See Laurel Gardens, LLC v. McKenna, 948 F.3d 105, 114-15 (3d Cir. 2020). We note, however, that these circumstances are not extraordinary either because they are foreseeable results of Kamdem-Ouaffo's election to voluntarily dismiss these claims and proceed to judgment on his claims against Plaza Square. We also note that Kamdem-Ouaffo's

Finally, Kamdem-Ouaffo also argues that we should reopen his prior appeals and vacate the orders that we affirmed. But we already have denied his petition for rehearing in Kamdem-Ouaffo II, and his time to seek rehearing in Kamdem-Ouaffo I has long expired. Kamdem-Ouaffo also raises nothing close to the "extraordinary" circumstances required for us to recall our mandates. Calderon v. Thompson, 523 U.S. 538, 550 (1998). Instead, he merely repeats arguments that we already have rejected.[5] Thus, Kamdem-Ouaffo has provided nothing potentially warranting this relief either.

## III.

For these reasons, we will affirm the judgment of the District Court.

---

voluntary dismissal of these claims would not have preclusive effect. See Papera v. Pa. Quarried Bluestone Co., 948 F.3d 607, 610-11 (3d Cir. 2020). We express no opinion on whether the judgment as to Plaza Square has any preclusive effect on these claims or on whether there are other impediments to their reassertion in the future. But even if there are, those impediments too would appear to be foreseeable results of Kamdem-Ouaffo's election to voluntarily dismiss these claims and proceed to judgment on his claims against Plaza Square. None of these circumstances explains why Kamdem-Ouaffo wants to reinstate these claims now or why he voluntarily dismissed them in the first place.

[5] He argues, for example, that the District Court should not have dismissed his complaint given the entry of default against defendant Ammons. He raised that argument in Kamdem-Ouaffo I, and we rejected it (albeit without specific discussion). See Kamdem-Ouaffo I, 740 F. App'x at 768 ("We have considered Kamdem-Ouaffo's various arguments raised in his briefing and conclude that none warrants relief here."). As in Kamdem-Ouaffo's previous appeals, we have carefully reviewed all his arguments and conclude that none warrants relief.

6