**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1871
_____

DEBORAH A. REDMAN,
                              Appellant

v.

UNITED STATES OF AMERICA; COMM'R CHARLES RETTIG;
MARJORIE GALLAGHER; LUCINDA COMEGYS; STEVEN MNUCHIN;
JANET YELLEN
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-21-cv-00124)
District Judge:  Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2023
Before:  SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: December 8, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Deborah Redman appeals from the District Court's text-only order dismissing her case and its order denying her motion pursuant to Federal Rule of Civil Procedure 60(b) to reopen the case. For the following reasons, we will affirm both orders.

In 2021, Redman filed a complaint in the District Court against the United States ("specifically, the [Internal Revenue Service (IRS)]"), the IRS Commissioner, and a former and then-current Treasury Secretary, among others. ECF No. 14 at 1. She sought "compensation for overpaid federal income taxes for tax years 2015 and 2016 and for the cost for wrangling with the [IRS]" for her returns. Id. at 2. Redman alleged that the IRS owed her $15,000, in addition to "the associated income for over 1.5 years" that she "forfeit[ed]" while responding to the IRS. Id. at 4. She sought $3.5 million in compensatory damages.

On March 21, 2023, shortly after the defendants were properly served, the presiding judge recused from the case because Redman had filed "an accusation of slander" against her, and the matter was reassigned to District Judge Cathy Bissoon. See ECF No. 59. That same day, Redman filed a "Motion to Move Case to the Court of Public Opinion," which the District Court denied, stating that the relief sought was "not recognized in the law." ECF Nos. 61 & 63. Redman filed a "Motion for Clarification," disputing the denial of her motion and demanding that the IRS be directed to pay her $250,000 "immediately" as "partial compensation" to allow her to "pay off much of her debts" while the litigation was pending. ECF No. 65 at 7. In a text-only order, the District Court denied the request as "inconsistent with the law." ECF No. 66. In a

2

response filed challenging the "unsound reasoning" of that order, Redman asserted that "as a result of the destitution that the IRS and Court prefer to ignore, this is likely Redman's last filing. She does not have means to continue . . . Plaintiff can no longer tend to this matter due to destitution." ECF No. 67 at 5-6.

A week later, on April 19, 2023, Redman filed a "Notice of Inability to Continue to Participate in Any Way in This Proceeding" ("the Notice"), stating only that she could not continue with the litigation "[d]ue to the Court's and Defendant IRS's actions." ECF No. 69. The District Court construed the document as a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). See 4/19/23 Docket Entry. Noting that defendants had neither answered the complaint nor filed a motion for summary judgment, the District Court indicated that the Notice was effective upon filing and that no court order was required.[1] See id. The text-only entry stated that the case was dismissed and marked closed. Id.

Four days later, on April 24, 2023, Redman filed a "Notice to Reopen Case and Assign to Neutral Judge," ECF No. 71, which the District Court construed as a motion to reopen and denied. See ECF No. 72. It also denied the request for recusal as moot.

---

[1] Rule 41(a)(1)(A)(i) provides, in pertinent part, that a plaintiff "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."

3

Redman appealed.[2]

The District Court properly construed the Notice as a Rule 41(a)(1) voluntary dismissal. The filing stated only that Redman was giving "notice that she can no longer continue to participate in any way in this proceeding." Redman maintains on appeal that the Notice "should read" that she was unable to participate "in Any *Meaningful* Way" in her case. Reply Br. at 13. But it did not read as such, and although the District Court was required to construe Redman's pleading liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), it was not required to fill in the blanks for her. Redman had indicated that her filing prior to the Notice was likely her "last." See ECF No. 67. When she filed the Notice a week later plainly indicating that she did not intend to continue with the matter, the District Court properly deemed it a voluntary dismissal. See generally Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1276 (11th Cir. 2012) (explaining that, in determining whether party intended to voluntarily dismiss action, "the best indication of [a party's] intent is the document itself").

The District Court determined that it lacked subject matter jurisdiction to grant the motion to reopen, citing In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 166

---

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. The notice of appeal designates both the order denying the Rule 60(b) motion and the text-only order dismissing the case, and was timely as to both orders. See Fed. R. App. P. 4(a)(1)(B). Although the voluntary dismissal was without prejudice, see Fed. R. Civ. P. 41(a)(1)(B), it is final for purposes of § 1291 because it appears that the statute of limitations has run on Redman's claims. See Fassett v. Delta Kappa Epsilon (New York), 807 F.2d 1150, 1155 (3d Cir. 1986).

4

(3d Cir. 2008).  But in that case, we held that a district court lacks authority to deny a notice of voluntary dismissal and then adjudicate the merits of the dismissed claim.  See id. (noting that "[a] timely notice of voluntary dismissal invites no response from the district court and permits no interference by it").  Where, as here, a notice of voluntary dismissal has taken effect, the district court retains the authority to exercise its discretion to reinstate the voluntarily dismissed complaint under Federal Rule of Civil Procedure 60(b).  See Williams v. Frey, 551 F.2d 932, 934-35 (3d Cir. 1977), abrogated in part on other grounds by Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988); see also Yesh Music v. Lakewood Church, 727 F.3d 356, 359-63 (5th Cir. 2013) (collecting cases, including Williams); see also Halderman v. Pennhurst State Sch. & Hosp., 901 F.2d 311, 320 (3d Cir. 1990) (recognizing that "[a]ny time a district [court] enters a judgment, even one dismissing a case by stipulation of the parties, [it] retains, by virtue of Rule 60(b), jurisdiction to entertain a later motion to vacate the judgment on the grounds specified in the rule" (citation omitted)).

Where a district court fails to recognize its authority to act, we ordinarily remand the matter for it to consider the merits in the first instance.  See Lasky v. Cont'l Prod. Corp., 804 F.2d 250, 255 (3d Cir. 1986).  However, we may affirm on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), and will do so here because the District Court's order makes clear that there was no basis for Rule 60(b) relief, see generally Lasky, 804 F.2d at 255 (declining to remand and "address[ing] the discretionary aspects of Rule 60(b)" where the district court's order indicated that, even if it had jurisdiction, it would nevertheless deny relief).

5

Rule 60(b) provides for relief from a final judgment, order, or proceeding on various grounds. See Fed. R. Civ. P. 60(b)(1)-(6). In her motion to reopen, Redman did not invoke a specific ground for relief under Rule 60(b); she argued that the District Court "unjustifiably construed" the Notice as a Rule 41(a) motion. ECF No. 71 at 1. Even construed liberally, the only bases the motion arguably states for reopening concern "mistake," pursuant to Rule 60(b)(1), or "extraordinary circumstances," pursuant to Rule 60(b)(6).

As the District Court noted, it was "clear and unambiguous" from the Notice that Redmond did not intend to pursue the litigation further. The District Court therefore saw no "mistake" in its treatment of the Notice as a Rule 41(a) motion, nor, as previously discussed, do we. There is also nothing in the motion to reopen to warrant Rule 60(b)(6) relief. Even had the motion to reopen stated Redman's regret for failing to state that she could not participate in the case in any "meaningful way," it would still fail to demonstrate the kind of extraordinary circumstances necessary to justify vacating the dismissal order. See Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008) (noting that "extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices"); see also Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 & n.15 (3d Cir. 2002) (explaining that Rule 60(b)(6) does

6

not provide a means "to escape the effects of a bargain [the movant] regretted in hindsight").[3]

Based on the foregoing, we will affirm the District Court's orders.[4]

---

[3] The District Court denied Redman's request to reassign the case to a "neutral judge" as moot. On appeal, she presses her arguments of judicial bias. We note our agreement with the District Court that there was no basis to support the District Judge's recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994) (noting that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

[4] Appellant's motion for default judgment is denied.